(104 So. 143)

SMITH et al. v. McDOUGALL.    (6 Div. 629.)

(Court of Appeals of Alabama.    April 21, 1925.)

**1. Vendor and purchaser ☞349—Complaint in purchaser's action for damages for breach of contract in sale of lot held demurrable.**

Complaint in purchaser's action for damages for breach of contract in sale of a lot, in which conveyance was to be made by warranty deed, charging that vendors "failed to convey property so as to let said first mortgage become a second mortgage when construction shall be started on said lot, on demand by plaintiff," *held* demurrable, where it was not averred that construction had been started or that any demand had been made, denied, or refused, or that vendors refused to accept a mortgage in accordance with contract.

**2. Vendor and purchaser ☞350—Evidence as to employment of architect held inadmissible on question of damages in purchaser's action for breach of contract.**

In purchaser's action for damages for breach of contract in sale of a lot, evidence as to employment of an architect by purchaser was inadmissible on question of damages, where it did not appear that vendors knew when contract was executed, that purchaser would employ architects prior to closing of trade, or that any plans for construction would be purchased by purchaser.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Elizabeth McDougall against James Thomas Smith and another, for breach of an agreement to sell real estate. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The second count of the complaint upon which the case was tried, is as follows:

"Count 2. The plaintiff claims of the defendants the sum of $5,000 as damages for the breach of that certain contract entered into between them on, to wit the 25th day of January, 1923, which said contract is in words and figures substantially as follows:

" 'Birmingham, Ala., Jan. 25, 1923.

" 'Mr. James T. Smith hereby agrees to sell and Elizabeth McDougall hereby agrees to purchase the following described real estate in fee on terms stated: The east 50 feet of lot No. 1, block 50, according to the Avondale Land Company's survey of Forest Park, said lot to be free from all liens and assessments. The purchase price to be $3,000, payable $100 as earnest money and part of the purchase price, receipt of which is hereby acknowledged, and the remainder payable, earnest money as above, $100; cash on delivery of warranty deed, $600, balance by execution of a first mortgage for $2,300. Said mortgage to run for five years from date and bear interest at the rate of 6½ per cent. and be payable $230 every six months, each note bearing its own interest.

" 'The seller further agrees to let the said first mortgage become a second mortgage when the construction shall be started on said lot, the said first mortgage not to exceed $6,000.

" 'The seller is to furnish abstract of title, or title guarantee policy, brought down to date, said title to be good and merchantable, otherwise the earnest money is to be refunded. Taxes for the current year are to be prorated. The trade is to be closed within by February 1, 1923, days or as soon as merchantable title can be effected, and conveyance is to be made by warranty deed.

" 'Purchaser is to assume all fire and tornado insurance on property at pro rata rates.
" 'Elizabeth McDougall,
" 'By J. W. McDougall.
" 'James Thomas Smith.
" 'May Smith.
" 'Witness: J. L. Hammond.'

"And plaintiff avers that the time within which the trade was to be closed as provided in said contract was extended on the first day of February, 1923, by mutual consent of the parties to February 12, 1923, and extended on February 12, 1923, to February 17, 1923, by mutual consent. And plaintiff avers that on the 14th day of February, 1923, she was ready, willing, and able to perform her part of the contract according to its terms, but that the said defendants did then and there fail and refuse to comply with their part of the contract, viz., the defendants failed to convey the said described property to the plaintiff so as to let the said first mortgage become a second mortgage, then construction shall be started on said lot, on demand by the plaintiff; and as a proximate consequence of said breach plaintiff lost the sums she spent and became obligated for lawyers' fees, architect fees, and the difference between the agreed purchase price and the fair market value of said property on the date of such breach, the earnest money paid, and other sums, all to her damage, for which she sues."

These grounds of demurrer, among others, were assigned to this count: The averments to the effect that defendants failed to convey said property to plaintiff so as to let said first mortgage become a second mortgage when the construction should be started on said lot are too vague and uncertain. The count is predicated on inconsistent rights. Said count sets up more than one cause of action in a single count without disclosing upon which the plaintiff relies for recovery.

Charges 4 and 6, refused to defendants, are as follows:

"(4) The plaintiff cannot recover any damages on account of expense or cost of preparing plans for a building on the property.

"(6) The court charges the jury that the plaintiff cannot recover any damages for architects' fees or charges for drawing plans."

Rudulph & Smith, of Birmingham, for appellants.

A single count setting up more than one cause of action is demurrable. Sibley v. Barclay, 14 Ala. App. 422, 70 So. 201; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Friddle v. Braum, 180 Ala. 556, 61 So. 59; Sou. Ry. v. Hanby, 166 Ala. 641, 52 So. 334; Sloss Co. v. Smith, 166 Ala. 437, 52 So. 38; Iron City M. Co. v. Hughes, 144 Ala. 608, 42 So. 39. A cause of action must be stated with sufficient certainty to enable the defendant to prepare to defend himself. Chapman v. Weaver, 19 Ala. 626; Lipscomb v. Seaman, 151 Ala. 333, 44 So. 46; A. G. S. R. Co. v. Cardwell, 171 Ala. 274, 55 So. 185. Where a contract is repudiated, the injured party must elect one of the remedies provided. Mutual Loan Soc. v. Stowe, 15 Ala. App. 293, 73 So. 202; Gabrielson v. Hague Co., 55 Wash. 342, 104 P. 635, 133 Am. St. Rep. 1032; Smith v. Davis, 150 Ala. 106; 43 So. 729; 20 C. J. 5.

Basil A. Wood, of Birmingham, for appellee.

A count setting forth averments showing a breach, and claiming such damages as flow directly therefrom, does not present more than one distinct cause of action. 31 Cyc. 109; Dickerson v. Finley, 158 Ala. 160, 48 So. 548; Mutual Loan Soc. v. Stowe, 15 Ala. App. 296, 73 So. 202. In such action, recovery may be had for all damages flowing directly from the breach, and within the contemplation of the parties. Griffin v. Colver, 16 N. Y. 489, 69 Am. Dec. 718; 1 Sutherland on Damages (3d Ed.) 134, 148, 156; Ala. Chem. Co. v. Geiss, 143 Ala. 595, 39 So. 255. A cause will not be reversed on account of the admission of testimony, where the charge of the court excludes consideration of some by the jury. Irwin v. Morrow, 19 Ala. App. 115, 95 So. 496; Archer v. Sibley, 201 Ala. 495, 78 So. 849; Planters' Lbr. Co. v. Sibley, 130 Miss. 26, 93 So. 440; Evans Bros. v. Steiner Bros., 208 Ala. 306, 94 So. 361; Woodrow v. Hawving, 105 Ala. 240, 16 So. 720; Rauer's Co. v. Harrell, 32 Cal. App. 45, 162 P. 125.

RICE, J. This was an action brought by appellee (plaintiff in the court below) against appellants (defendants) for damages for the alleged breach of a contract for the sale of a lot in the city of Birmingham. From the verdict and judgment in favor of the plaintiff, the defendants bring this appeal.

[1] The contract, the alleged breach of which was made the basis of the claim, was set out in and made a part of the single count of the complaint which was submitted to the jury. By the terms of this contract, it appears, among other things, that, "Conveyance is to be made by warranty deed." The count seeks to charge defendants with a breach in that they "failed to convey the said described property to the plaintiff, so as to let the said first mortgage become a second mortgage when the construction shall be started on said lot, on demand by the plaintiff." No averment is made that said construction had been started, or that any such demand had been made, and denied or refused, or that defendants refused to accept a mortgage in accordance with the terms of the contract. The count was in our opinion subject to some one or more of the grounds of demurrer interposed, and the trial court erred in overruling same.

[2] There is nothing in the record to show that there was any evidence from which the jury could have inferred that either of the appellants was informed or put upon notice, at the time of the execution of the contract sued upon, that the plaintiff would employ architects prior to the closing of the trade, or that any plans for construction would be purchased by appellee. In fact, the very terms of the contract would seem to repel any such presumption. We therefore hold that the trial court was in error in allowing, over appellants' objection, the evidence as to the employment of the architect, Carlton, and in charging the jury that they could under certain circumstances assess as damages against the appellants such reasonable and necessary sums as the appellee may have become obligated for for architects' plans, etc. Dickerson v. Finley, 158 Ala. 149, 48 So. 548.

What we have said above applies as well to the refusal of written charges 4 and 6 requested by appellants, and we must hold that it was error to refuse each of these charges. A great many other questions were raised on the trial, and the rulings on same have been assigned as error. But some have not been insisted upon in argument here, and some questions have been argued here that were not properly raised and assigned as error. What we have said above seems to dispose of those questions properly brought for our decision.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.