196 So. 137

## W. T. RAWLEIGH CO. v. CONE.

7 Div. 529.

Court of Appeals of Alabama.

March 19, 1940.

Rehearing Denied April 9, 1940.

Victor Vance, of Gadsden, for appellant.

A. M. Rains, of Gadsden, for appellee.

RICE, Judge.

This purports to be an appeal from an order of the circuit court overruling a motion to amend the judgment rendered in a suit by appellant against appellee and others, nunc pro tunc—the only assignment of error on the record, here, being in exactly the following language, to-wit: "The court erred in overruling appellants to amend judgment."

Waiving, for the moment, the fact that the said assignment of error is unintelligible, and hence might well be disregarded, and that the order or judgment undertaken to be appealed from, if appealable, should thereby and therefore stand affirmed, we observe that: (1) Allowance of appeals to this court is wholly by legislative enactment. They are entirely of statutory creation, and, while such statutes are remedial and to be liberally construed, yet authority for the appeal must be found in the statute. Ex parte Jonas, 186 Ala. 567, 572, 64 So. 960.

Also, that where no authority for the appeal can be found in the statutes it is our duty to dismiss same ex mero motu. Wise et al. v. Spears et al., 200 Ala. 695, 76 So. 869; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664.

The whole record sent up here is unintelligible to us. It would seem that appellant is complaining of the action of the court in overruling its motion to amend its judgment so as to make subject to its penalties one S. W. Cone. But, as we read the record, the "order and judgment entry * * * setting aside and vacating (the) judgment as to S. W. Cone"—thus, we observe, leaving him subject to the impact of the judgment—was "set aside and held for naught" in the first paragraph of the very "judgment" of the court from which this appeal was attempted.

However it all is, we can find, nowhere, statutory authority for such an

"appeal" as the present; and the same is hereby dismissed. Authorities supra; also, Code 1923, Sec. 6078; National Bread Co. v. Bird, 226 Ala. 40, 42, 145 So. 462; Dorrough v. Mackenson, 231 Ala. 431, 165 So. 575; and perhaps Ex parte Gay, Sovereign Camp, W. O. W. v. Gay, 213 Ala. 5, 104 So. 898.

Appeal dismissed.