84 So.2d 494

### Sam W. KENDALL

v.

### Katheryn T. CORNELLISON.

### 8 Div. 818.

Supreme Court of Alabama.

Dec. 22, 1955.

Potts & Young, Florence, for appellant.

Bradshaw, Barnett & Haltom, Florence, for appellee.

MERRILL, Justice.

Appellant, complainant below, appeals from a decree of the Lauderdale Circuit Court in Equity, which overruled his demurrer to the cross-bill of appellee.

The original bill sought a sale for division of certain city lots in which it is alleged that the complainant owns an undivided three-fourths and the appellee a one-fourth interest. It further sought an ascertainment by the court of the amount due on a mortgage on said property, along with a few other lots, which had been executed by appellant to appellee, and finally, it sought a decree quieting title in appellant to certain other lots, to which appellee is alleged to claim some interest by virtue of a certain recorded quitclaim deed.

Appellant's answer and cross-bill consists of several paragraphs. The first sentence of paragraph three is a denial that complainant owns a three-fourths undivided interest in the property sought to be sold for division.

In the remaining part of paragraph three and all of paragraph four of the cross-bill, there are allegations which we would infer, based on one of the prayers of the cross-bill, sought to show facts to support the prayer that title to the lands "be divested out of the complainant Sam W. Kendall, and vested in your respondent, Katheryn T. Cornellison." But these allegations are so vague that we cannot understand with any degree of certainty just what they mean. It follows that the demurrer to this aspect of the cross-bill should have been sustained.

Paragraph five of the cross-bill sufficiently denies the fee simple title of complainant in those lots to which he seeks to quiet title and alleges a one-fourth interest in other lots sought to be sold for division.

Paragraph six of the cross-bill denies that the complainant and respondent each own a three-fourths and one-fourth interest respectively in the lands, that the lands cannot be equitably divided and that complainant's solicitors are entitled to a reasonable fee for filing the bill.

Paragraph seven of the cross-bill and the prayer in connection therewith seeks, as does the original bill, an ascertainment of the amount due on the mortgage from complainant to respondent and in addition seeks a foreclosure of the mortgage unless the amount is paid within a time limit to be set by the court. After describing the property contained in the mortgage, the respondent alleges:

"In said mortgage, it was agreed between complainant and respondent as follows:

" 'It is understood and agreed between the parties that if there are any irregularities in the chain of title to these Lots, or any cloud upon said title, that the first party will at his expense clear up said title so as to show a good and sufficient and merchantable title in him, and in the event he does not do this curative work within 30 days after requested in writing to do so, the second party shall have the right to proceed to do whatever is legally necessary to cure said irregularities, or to remove said cloud of title, and the first party hereby authoriz-

es the second party in the event she does have said irregularities cured or said cloud of title removed, that first party will pay all expenses incurred by the second party in the curing of said irregularities or in the removing of said cloud of title, and the amount of said expenses shall become a part of this mortgage as if herein written, and shall become due and shall be subject to the terms and conditions of this mortgage as if the amount were herein written, and it is agreed that in the event first party fails to pay said expense when said sum of money for said expense *become* due at the maturity date of this mortgage, or any time to which it may be extended, the second party shall have the right of foreclosure as herein provided for the failure of first party to pay said mortgage.' "

"Respondent alleges by virtue of said agreement, she paid for Sam W. Kendall the complainant, $500.00,—to Elizabeth Bond Wood, to a Civil Engineer—$242.50; cash to complainant, $92.14; Taxes for the year of 1951—$46.07; taxes for the year of 1952—$47.35; taxes for the year of 1953—$47.35; and taxes for the year of 1954—$46.80; to Herman K. Longshore, Judge of Probate for recording fees for four (4) deeds and mortgages for the complainant—$22.50; Fencing—$146.00; 'No Tresspass' notices—$8.00; and respondent alleges in addition thereto, he is due the firm of Bradshaw, Barnett & Haltom the sum of $500.00 as attorneys fees for the curative work done on the title of the said lands; she has loaned to complainant for apartment rent the sum of $150.00, February 1, 1951; cash loan February 4, 1951—$14.00; February 10, 1951—cash loan to telephone bill paid for complainant—$60.00; February 16, 1951, cash loan to pay Kendall's ad valorem taxes—$100.00, and respondent alleges that she paid expenses for telephone, telegraph, automobile and cash for complainant's automobile approximately the sum of $100.00; and on March 1, 1951, cash loaned to complainant the sum of $500.00 which is evidenced by complainant's promissory note. Respondent alleges that all of the above described indebtedness is due and unpaid and is secured by said mortgage by virtue of the agreement there-

in contained, a copy of which mortgage is hereto attached and made a part hereof as Exhibit 'D'."

We hold that the demurrer to this aspect of the cross-bill was properly overruled because the respondent would be entitled to the foreclosure of the mortgage if it was not paid at a time to be set by the court, if it should be ascertained that a larger amount was due on it than that paid into court; and foreclosure being affirmative relief, it was a proper subject of that aspect of the cross-bill. But we are not to be understood as approving the quoted portions of the cross-bill, supra, which attempt to tie the amounts recited to the condition relating to the curative work on the title if required. These amounts cannot be held to be secured by the mortgage by the bald averment that "all of the above described indebtedness is due and unpaid and is secured by said mortgage by virtue of the agreement therein contained".

By the very terms of the mortgage the complainant could not be put in default concerning a defective title without first being given written notice to do the curative work within thirty days. No averment is made in the cross-bill that there are any irregularities in the chain of title to the mortgaged lots, or that there is any cloud on them, or that any demand was made to complainant to do the curative work or that it was in writing, or that if so made it had been denied or refused or that it would have been useless to have made such demand. This is analogous to those cases where the suit is between vendor and purchaser and there is a condition in the contract such as furnishing a merchantable title, and the complaint or plea fails to aver demand, notice, etc., as provided in the agreement. See Obermark v. Clark, 216 Ala. 564, 114 So. 135, 55 A.L.R. 1153; Smith v. McDougall, 20 Ala.App. 574, 104 So. 143; Williams v. Harper, 1 Ala. 502; 92 C.J.S., Vendor and Purchaser, § 560.

Paragraph eight of the cross-bill describes certain lots which respondent alleges that complainant conveyed to her by deed in 1951, and that she is informed and believes and therefore alleges that com-

plainant claims to own some right, title or interest in the lots, and the prayer seeks to quiet title to the lots in respondent. The said lots are not included in the complaint and are expressly excluded from the mortgage. In Propst v. Brown, 250 Ala. 282, 34 So.2d 497, 498, we said:

"It is true, as argued by able counsel for appellees, that equity, having acquired jurisdiction, will do full and complete justice between the parties and adjust the several equities incident to the litigation, but the right to have equity so to intervene under a cross-bill must subsist by reason of the fact that the equities grow out of or are connected with the subject matter brought before the court in the original bill, which is not the case presented by the instant cross-bill. Emens v. Stephens, supra, 233 Ala. [295 at] page 296(5), 172 So. 95, and cases cited."

■ One of appellant's grounds of demurrer raises the point that this aspect of the bill is not germane to the matters alleged in the bill and the demurrer should have been sustained to this aspect of the bill.

■ The demurrer to that aspect of the cross-bill seeking attorney's fees was properly overruled. See Latimer v. Milford, 241 Ala. 147, 1 So.2d 649, 651, where it is stated that "a cross-bill, to the extent that it seeks a solicitor's fee, is not properly tested by demurrer."

■ Other grounds of appellant's demurrer, addressed to the various aspects of the cross-bill and making the point that the relief prayed for is obtainable without a cross-bill, were properly overruled. Equity Rule 26, as last amended, 261 Ala. XXXIX, expressly provides that a cross-bill "will not be subject to objection or demurrer on the ground that the relief sought in it is available in that suit without a cross-bill, if the relief is such that it is enforceable in equity, * * *."

It follows that the decree of the lower court is affirmed in part, reversed in part and remanded.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.