97 So.2d 887

**William Dowdell DENSON et al.**

v.

**BIRMINGHAM REALTY COMPANY.**

**6 Div. 817.**

Supreme Court of Alabama.

Oct. 31, 1957.

· Wm. D. Denson and W. A. Denson, for appellants.

Smyer, Smyer, White & Hawkins, Birmingham, for appellees.

GOODWYN, Justice.

The question reviewable on this appeal relates to the propriety of the trial court's action in overruling appellants' demurrer to appellee's cross-bill.

Appellant William Dowdell Denson filed a bill of complaint in the circuit court of Jefferson County, in equity, against appellee, Birmingham Realty Company, a Corporation, alleging that he is "the owner and holder and is in possession of the following described property situated in Jefferson County, Alabama: The West 46 ft. of Lot 7 & Lot 8 in Block 261 according to the present map of Birmingham, Alabama"; that he "acquired title to said property by deed dated the 21st day of September, 1931, from Annie Love Dowdell Denson and W. A. Denson"; that respondent "is claiming said property is subject to a mortgage allegedly executed thereon to wit Dec. 8th, 1927 and filed for record Dec. 10, 1927, is alleging the amount (sic) of Eight Thousand Dollars ($8,000.00) together with interest thereon at 6½% per annum from its date"; that "the indebtedness covered by said mortgage had been prior to this suit paid in full and that said mortgage should be satisfied of record by the respondent and complainant hereby demands or prays that respondent so satisfy said mortgage and prays this court that upon such failure of the respondent to satisfy that this Honorable Court will declare same paid in full and satisfied"; that "in the event the complainant be mistaken in the above allegation that the indebtedness secured by said mortgage has been paid in full, then and in that event complainant alleges that on to wit 14th day of May, 1953, the complainant

through his duly authorized agent demanded of the respondent a statement of any balance due to respondent upon the indebtedness secured by said mortgage"; that "to the date of filing of the bill in this case the respondent had not presented any statement of any amount claimed to be due on said mortgage"; that "the respondent has demanded possession of the property covered by said mortgage and attempted to impound the rents accruing from said property and has stated that he intends to foreclose under the power of sale contained in said mortgage and complainant alleges that such demand and such foreclosure will occasion irreparable injury to the complainant in loss of possession, injury to title, costs, fees, additional interest and otherwise"; and that "complainant offers to do equity." The prayer of the bill is that "an accounting be held between complainant and respondent to state in (sic) account as to the amounts due or falling due from time to time on the herein described mortgage, the amounts of payment that have been made hereon by complainant and the amount, if any, still due and unpaid"; that "it be decreed that the mortgage described hereinabove has heretofore been fully paid and that the respondent be required to mark same paid and satisfied in full or that this Honorable Court will so decree and have the Register satisfy said mortgage"; that "if he be mistaken in that the said mortgage has been paid in full, then and in that event complainant prays that a decree be entered allowing him to pay said amount due on said mortgage and upon the payment of such amount that said mortgage be paid and satisfied in full"; that "in the event he be mistaken in either of the matters especially above prayed for, then and in that event he prays that he be allowed to redeem said property upon the payment of such amount as may be ascertained and determined by this Honorable Court"; that "a temporary injunction or restraining order issue forthwith enjoining the respondent, its officers, agents, servants, attorneys, employees from taking possession, impounding rents or foreclosing on said mortgage or having any publication or doing any other act in connection with the foreclosure thereof or from doing any other acts enjoining or tending to disturb the complainant in the possession of said property pending a hearing of this suit"; that "upon final submission and hearing that the said injunction be made permanent"; and that complainant be awarded "such other, further or more general relief as may be meet and proper in the premises."

Appellant William A. Denson filed a motion to be allowed to intervene in the suit, the basis of the motion being that he had conveyed the property in question to William Dowdell Denson by warranty deed on September 21, 1931, whereby he warranted said property to be free and clear from any encumbrances, including the mortgage in question. This motion was granted.

Appellee answered the amended bill of complaint, denying that the mortgage had been paid and making the answer a cross-bill. The cross-bill, as amended, makes parties-respondent thereto, William Dowdell Denson, William A. Denson, Annie Love Dowdell Denson and the Booker T. Washington Hotel Company, a Corporation. Annie Love Dowdell Denson is made a party for the reason that she is the mortgagor in the mortgage here involved, in which William A. Denson, her husband, joined in the execution. The cross-bill seeks a deficiency judgment against her and the other cross-respondents in event the sale of the property on foreclosure does not bring an amount sufficient to pay whatever is found to be due under the mortgage. The Hotel Company is made a party because, as alleged in the cross-bill, William Dowdell Denson conveyed the mortgaged property to it prior to commencement of this suit. We find no indication in the record that either William Dowdell Denson or the Hotel Company has assumed the obligation of paying the mortgage indebtedness.

Appellants' demurrer to the amended cross-bill was overruled. The reviewable appeal is from that ruling. The

insistence here is that the cross-bill is demurrable because the relief prayed for can be obtained without the cross-bill. In support of their position appellants place principal reliance on the case of Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768. But that case was decided prior to passage of Act No. 175, appvd. March 1, 1937, Gen. and Loc.Acts, Extra Session, 1936–1937, p. 208, amending § 6550, Code 1923, which is the forerunner, in part, of Equity Rule 26. The present case is controlled by this rule, as last amended on December 17, 1954, Code 1940, Tit. 7, Appendix, Cumulative Pocket Part, even though the amendment was made after the ruling on the demurrer. Smith v. Colpack, 235 Ala. 513, 515, 179 So. 520. Amended Rule 26 provides as follows:

"Cross-bills. A defendant may obtain relief against a party plaintiff or defendant for any cause connected with or growing out of the bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged must be considered in the nature of a cross-bill and be heard at the same time as the original bill. *And such cross-bill will not be subject to objections or demurrer on the ground that the relief sought in it is available in that suit without a cross-bill, if the relief is such as that it is enforceable in equity,* and such a cross-bill must be retained and a trial had on it although the original bill may be dismissed or relief on it is denied [this sentence added by the 1954 amendment]. *When the presence of parties other than those to the original bill is required for the granting of complete relief, such outside persons may be made defendants to a cross-bill incorporated in the answer or otherwise.* It shall not be necessary to issue a summons or a copy of the cross-bill to any defendant to a cross-bill who is a plaintiff in the original bill. The party complainant or defendant, as to whom such new matter

is alleged, must make answer thereto under the rules and regulations provided for the answers of defendant to original bills." [Emphasis supplied.]

Clearly, the relief sought by the cross-bill (foreclosure of the mortgage) is a "cause connected with or growing out of the bill."

In Kendall v. Cornellison, 264 Ala. 16, 20, 84 So.2d 494, 497, we held that, in view of the 1954 amendment to Rule 26, supra, the complainant's grounds of demurrer addressed to a cross-bill "making the point that the relief prayed for is obtainable without a cross-bill, were properly overruled." That holding is also applicable to the trial court's ruling on the demurrer to the cross-bill in the instant case.

As already indicated the cross-bill seeks a foreclosure of the mortgage. That such relief is an original ground of equitable jurisdiction is well-established. McCary v. Crumpton, 263 Ala. 576, 580, 83 So.2d 309; Taylor v. Shaw, 256 Ala. 467, 471, 55 So.2d 502; Kemp v. Brown, 251 Ala. 552, 38 So.2d 329; Evans v. Leeth Nat. Bank, 245 Ala. 433, 434, 17 So.2d 161; Carpenter v. First Nat. Bank of Birmingham, 236 Ala. 213, 216, 181 So. 239. Accordingly, the relief sought by the cross-bill "is such that it is enforceable in equity."

In Wood v. Barnett, 208 Ala. 295, 299, 94 So. 338, it was held that, where the mortgagor has previously assigned all of his rights in the mortgaged property to another, he is a necessary party to a bill to foreclose the mortgage if a deficiency judgment is sought against him. But even though a deficiency judgment is not sought against such mortgagor, he is nevertheless a "proper party" in a suit to foreclose the mortgage. Hester v. First Nat. Bank of Russellville, 237 Ala. 307, 311, 186 So. 717; Hamill v. McCalla, 228 Ala. 281, 283(5), 153 So. 412. There can be no question about the Hotel Company, as the holder of the equity in the property, being a "proper", if not a "necessary", party to the cross-bill. It has been held that if the mortgagor has conveyed the

property to another, such subsequent claimant of the title is a necessary party to a bill seeking foreclosure of the mortgage. Mathison v. Barnes, 245 Ala. 289, 291, 16 So.2d 717; Thomas v. Barnes, 219 Ala. 652, 655, 123 So. 18; Sims, Alabama Chancery Practice, § 148, p. 92; Tilley, Alabama Equity Pleading and Practice, § 307, p. 408.

Our view is that the position taken by appellants with respect to the ruling on their demurrer is without merit.

Appellants filed in the proceeding what is entitled "a pleading to require respondent, Birmingham Realty Company, to comply with Tit. 46 [47], § 175 et seq., Code of 1940." These Code provisions deal with the entering, by the mortgagee, of partial payments on the margin of the record of the mortgage. The prayer of the pleading was for a "mandate to compel respondent to comply with said statute and upon failure to comply, any foreclosure proceedings under said mortgage be set aside." The respondent answered the pleading to the effect that it had "entered on the margin of the record of the mortage which is the subject matter of this suit, a statement entitled 'for record of partial payments including those appearing hereon, see instrument recorded this day in mortgage Vol. 5143, p. 442' "; that "it is impossible for your respondent to enter each and every partial payment on the margin of said record due to the smallness of said margin but that your respondent is endeavoring to show the true status of said mortgage and made said marginal entry as aforesaid." The appellants filed exceptions and a demurrer to appellee's said answer. Evidence was taken on the pleading and answer, after which the trial court rendered a decree sustaining the exceptions to and striking said amended answer, and allowing appellee 10 days within which to comply with the requirements of the statute. Appellants also appeal from that decree. Within the time allowed appellee filed an amendment to its answer to the effect that it had "caused to be entered on the margin of the record of the mortgage which your respondent seeks to have foreclosed, each and every partial payment, and date thereof, received by your respondent, for credit towards the indebtedness secured by said mortgage." As we understand it, appellants take the position that the trial court should have rendered a decree pro confesso against appellee instead of ordering the entering of the partial payments on the margin of the record. Clearly, it seems to us, appellants obtained all the relief which they sought by their said pleading and cannot now assign as error the said ruling in their favor. The appeal from that decree must be dismissed. Freeman v. Blount, 172 Ala. 655, 658–659, 55 So. 293; Derrick v. Shaneyfelt, 152 Ala. 606, 44 So. 651; Dupree v. Perry, 18 Ala. 34, 37. We make it clear that we are not now passing on the propriety of these particular pleadings, or of the proceedings had in connection therewith. We hold only that the decree dealing with the entering of partial payments on the margin of the mortgage record, if valid, will not support an appeal by appellants.

Affirmed as to decree overruling appellants' demurrer to appellee's cross-bill.

Appeal dismissed as to the other decree appealed from.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.