This is an appeal from an order declaring that the amendment to Code 1975, § 8-8-10, which raised the interest rate on judgments from six percent (6%) per annum to twelve percent (12%) per annum, did not apply retroactively to a judgment pending at the time of the amendment's effective date.
Mildred J. Jones originally brought suit against J.W. Casey in Montgomery Circuit Court, claiming breach of an oral real estate listing contract. On November 5, 1980, a judgment was entered against Casey in the amount of $84,403.77. This Court affirmed the judgment on appeal and on February 19, 1982, overruled Casey's motion for rehearing. Casey v. Jones,410 So.2d 5 (Ala. 1981).
During the pendency of the appeal the Alabama Legislature passed Act No. 81-1115, Third Special Session, 1981, which amended Code 1975, § 8-8-10, as follows:
 "`Judgments for the payment of money, other than costs, bear interest from the day of entry, at a rate
 of twelve (12) percent per annum, the provisions of Section 8-8-1 of the Code of Alabama 1975 [which affixed a 6% interest rate on such judgments] notwithstanding. . . .'"
Act of Nov. 13, 1981, No. 81-1115, 1981 Ala. Acts 379 (codified at Code 1975, § 8-8-10 (Cum.Supp. 1982).
The amendment became effective on November 13, 1981, and neither the amendatory language nor the legislative history contained any provisions for retroactive application of the statute.
On May 24, 1982, Jones filed a declaratory judgment action against Casey in Montgomery Circuit Court to determine whether this amendment applied retroactively to judgments which were pending and unsatisfied at the time of its passage and effective date. After the case was transferred to the judge who heard the original action, Jones filed a motion for summary judgment, attaching an affidavit in support thereof. Casey then filed a motion to dismiss or an alternative motion for judgment on the pleadings. On July 16, 1982, both parties stipulated that the court need only decide whether the judgment rendered against Casey should bear interest at the *Page 875 
rate of 6% or 12% per annum. On November 9, 1982, the circuit court entered its order, which held that Act No. 81-1115, Third Special Session, 1981, did not apply to judgments pending at the time of its effective date and that the judgment against Casey bore interest at 6% rather than 12% per annum. Jones then filed a notice of appeal to this Court.
Whether the amendment to Code 1975, § 8-8-10, which raises the interest rate on judgments from 6% to 12% per annum, applies retroactively to judgments pending and unsatisfied at the amendment's effective date presents a case of first impression for this Court. A survey of the retroactivity of similar amendments in other jurisdictions only complicates the resolution of this issue. See Annot., 4 A.L.R.2d 932, 949 (1949).
Approximately one half of the states deny retroactive application of the amendment based upon either of two grounds: 1) the pending judgment is characterized as contractual in nature and thus subject to the constitutional prohibition against the passage of acts impairing a contractual obligation,see, e.g., Texas P.R. Co. v. Anderson, 149 U.S. 237,13 S.Ct. 843, 37 L.Ed. 717 (1893); or 2) the statutory amendment is deemed a "retrospective" statute, affecting substantial vested rights, and thus subject to the constitutional prohibitions against the impairment of contractual obligations and the creation of a crime or punishment ex post facto, see, e.g.,Sunray DX Oil Co. v. Great Lakes Carbon Corp., 476 P.2d 329
(Okla. 1970). Conversely, the remaining states allow retroactive application of the amendment from its effective date based upon either of two grounds: 1) the allowance of interest on judgments is characterized as merely a matter of statutory grace, and hence subject to legislative amendment, see, e.g.,Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 54 Idaho 765, 37 P.2d 407 (1934); or 2) the statutory amendment is deemed a "remedial statute," relating solely to remedies or matters of procedure and hence not subject to the proscription against retroactivity, see, e.g., Ridge v. Ridge,572 S.W.2d 859 (Ky. 1978).
In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively. See Kittrell v. Benjamin,396 So.2d 93, 94 (Ala. 1981) (citing City of Brewton v. White's AutoStore, Inc., 362 So.2d 226 (Ala. 1978). Remedial statutes, however, are not within the domain of retrospective laws, and do operate retroactively, absent clear language to the contrary. Street v. City of Anniston, 381 So.2d 26 (Ala. 1980).
Because the amendment raising the interest rate on judgments from 6% to 12% per annum contained no express provision or clear legislative intent that the statute operate retroactively, we can allow retroactive application only if the statute is deemed to be "remedial" in nature.
Alabama law defines remedial statutes as those "which impair no contract or vested right, and do not disturb past transactions, but preserve and enforce the right and heal defects in existing laws prescribing remedies." Dickson v.Alabama Mach. and Supply Co., 18 Ala. App. 164, 165, 89 So. 843,844, cert. denied, 206 Ala. 698, 89 So. 922 (1921). Although this Court has never expressly characterized the statute which controls the interest rate on judgments as either substantive or remedial, the fact that a similar amendment did not apply retroactively to change the effect of a contract for a different rate, De Moville v. Merchants Farmers Bank,237 Ala. 347, 186 So. 704 (1939), militates in favor of the view that a change in the interest rate itself impairs a substantial right and thus cannot be characterized as remedial.
We therefore follow those jurisdictions which hold that, except where the legislature provides otherwise, a statute changing the legal rate of interest on judgments does not apply retroactively to a judgment pending at the time of its effective date. The judgment in the amount of *Page 876 
$84,403.77 entered against Casey on November 5, 1980, thus bears interest at the rate of six percent (6%) per annum.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Justices concur.