In re C. W. NORMAN, Debtor.

CONOCO, INC., Plaintiff,

v.

AmSOUTH BANK, f/d/b/a Alabama National Bank of Montgomery, Defendant.

Bankruptcy No. 82–01341.
Adv. No. 84–0033.

United States Bankruptcy Court,
M.D. Alabama, N.D.

May 22, 1984.

Von Memory, Montgomery, Ala., for Conoco, plaintiff.

Edward Azar, Montgomery, Ala., for AmSouth Bank, defendant.

Earl Gillian, Montgomery, Ala., Trustee.

OPINION ON COMPLAINT FOR AN ACCOUNTING, DECLARATORY JUDGMENT AND OTHER RELIEF

RODNEY R. STEELE, Bankruptcy Judge.

On April 10, 1984, plaintiff filed a complaint seeking to have the AmSouth Bank make an accounting as to certain funds paid to it in satisfaction of a judgment lien obtained by the bank against this debtor, C. W. Norman. In the course of administration of this estate, the trustee has paid various sums to the AmSouth Bank which holds a valid and perfected security interest against certain property of this estate, which, under Alabama law, is subject to levy and execution. The bank obtained a judgment lien by recording a certificate of judgment against C. W. Norman, debtor, prior to bankruptcy.

This complaint for an accounting was set to be heard on May 21, 1984, at Montgomery, and the bank answered on April 30, 1984, denying that an accounting was necessary, denying that any relief was in order against it and in favor of this estate or the

plaintiff, Conoco, Inc., and denying the right to any other relief from plaintiff.

The court heard argument of counsel on May 21, 1984, and was supplied with citations to authority upon which the parties rely.

The matter was submitted at that time, and this opinion and order follow.

## FINDINGS

The facts are not disputed. The defendant bank obtained a judgment against C. W. Norman on April 9, 1982, in the Circuit Court of Montgomery County, Alabama. The judgment was placed on record. The judgment provided for an accrual of interest at an annual rate of 15.75%.

Conoco, Inc. obtained a judgment thereafter in the U.S. District Court for the Middle District of Alabama, and that judgment has been placed on record and is a valid and perfected security against the trustee holding property of the debtor subject to execution in Alabama. This judgment was rendered after and was recorded after the judgment lien of Alabama National Bank of Montgomery.

The judgment obtained by the Alabama National Bank (AmSouth) on April 9, 1982, was in the amount of $301,725.60. The bank has been paid on this judgment from time to time, first by a credit on a certificate of deposit, and thereafter by payments from the trustee on five occasions, beginning on February 7, 1983, and as of February 28, 1984, there is a balance owing on this debt of $19,335.44. The answer filed by the bank shows a complete accounting of the judgment, accrued interest from time to time, and credits.

Conoco, Inc., which is due to be next paid, as a judgment lien creditor after the satisfaction of the debt owed to AmSouth Bank on its judgment lien, asserts that the bank has charged too much interest, since it has charged 15.75% interest from the date of its judgment on April 9, 1982, when in fact, the applicable Alabama law provides for only 12% interest from the date of the judgment on April 9, 1982.

## ISSUES

1. What Alabama law relating to interest on judgment is applicable to the recovery by the Alabama National Bank in its judgment of April 9, 1982?

2. Was the bank's suit based upon contract?

3. From what date does interest run on a judgment recovered in Alabama?

4. Does excessive interest under a judgment make the judgment debt usurious in nature, and thus result in the loss of all interest under Alabama law?

## CONCLUSIONS

The computation of interest on the bank's judgment was apparently made under the provisions of Section 8–8–10, as that section read after its amendment by the Acts 1982, Act No. 82–443, page 696, which became effective on May 4, 1982. That Act provided then:

Section 8–8–10. Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the date of the cause of action at the same rate of interest as stated in said contract; all other judgments shall bear interest at the rate of 12% per annum, . . . .

But the attorney for Conoco argues that the law in effect on April 9, 1982, was the law as it was enacted by the Alabama legislature on November 13, 1981, and the law at that time read as follows:

Section 8–8–10. Judgments for the payment of money other than costs, bear interest from the day of entry, at a rate of 12% per annum. . . .

The examination of the record in the Circuit Court of Montgomery County Alabama clearly shows that the cause of action of the Alabama National Bank sounded in contract. The fact that the complaint asserts that the money was due upon notes

**8**

made to the Alabama National Bank, clearly shows that they were contract actions.

 The applicable law in effect at the time the judgment entered, was the law which was approved and became a law on November 13, 1981, as Act No. 81–1115. That Act, quoted above, provides for interest to accrue on judgments at the rate of 12% per annum.

And we must conclude that the amendment of Section 8–8–10 on May 4, 1982, does not have a retroactive effect and cannot result in an increase in interest rates over what they were at the date the judgment entered. *Jones v. Casey,* S.Ct. of Alabama, 1983, rehearing denied, 1984, 445 So.2d 873, is a clear holding that statutes relating to interest on judgments are not retroactive in effect in Alabama, and that interest must run at the rate established by statute at the time the judgment entered, and does not increase thereafter.

We are, moreover, constrained to hold that excessive interest upon a judgment is not usurious in nature, under Alabama law. The provisions of Sections 12–19–52, and 8–8–12, Alabama Code, are clear that usury which would result in the loss of all interest to the creditor is raised only upon contract. It does not include interest running upon judgments.

The conclusion finally is that the rate of interest running on the judgment of the AmSouth Bank has been excessive from the date of its entry on April 9, 1982, at the rate of 3.75%.

An appropriate order will enter.