ROBERTSON, Presiding Judge.
This is an appeal from a judgment dismissing an employee’s petition for judicial review due to her failure to post a cost bond.
Patricia Bonner was terminated from her employment with the Mobile County Department of Human Resources (Department). On November 17, 1992, the Alabama State Personnel Board (Board) upheld the Department’s decision to terminate Bonner’s employment.
On January 19, 1993, Bonner filed a petition for judicial review in the Circuit Court of Mobile County pursuant to the Alabama Administrative Procedure Act, Ala.Code 1975, § 41-22-20. Although Bonner paid the circuit court’s filing fee, she failed to post a cost bond as required by § 41-22-20(b). On March 3,1993, the Department filed a motion to dismiss on the ground that Bonner’s failure to post the bond barred the trial court from exercising jurisdiction.
At a hearing on the motion, Bonner stated that she had been unemployed since her termination from the Department and that she had no money; therefore, she could not pay the bond. She urged the court to allow her to present proof of substantial financial hardship and thereby obtain a waiver of the bond requirement. On April 9, 1993, the trial court granted the Department’s motion to dismiss.
At the time Bonner filed her petition, § 41-22-20 provided, in pertinent part, as follows:
“(a) A person who has exhausted all administrative remedies within the agency (other than rehearing) and who is aggrieved by a final decision in a contested ease is entitled to judicial review under this chapter. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
“(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency.”
The sole issue on appeal is whether the trial court properly dismissed Bonner’s petition for judicial review for her failure to post a cost bond pursuant to § 41-22-20(b).
In upholding a dismissal based on a petitioner’s failure to timely file his notice of appeal pursuant to § 41-22-20(b), the Alabama Supreme Court, in Ex Parte State Dep’t of Human Resources, 548 So.2d 176 (Ala.1988), stated:
“[a]n appeal may be taken only where authorized by statute and must be perfected in accordance with the time and manner prescribed by the statute; if such requirements are not complied with, the appeal must be dismissed. A failure to appeal in the manner prescribed by the statute, results in there being no appeal taken at all.”
548 So.2d at 178 (citations omitted). In Rogers v. Singleton, 286 Ala. 83, 237 So.2d 473 (1970), where the appellant failed “to show in the record the giving and approval of any *933 type of bond or security for the cost of appeal” pursuant to Ala.Code 1940, Tit. 7, § 766, the appeal had not been perfected to transfer jurisdiction to the supreme court. 286 Ala. at 84, 237 So.2d at 474.
Likewise, in the instant case, Bonner failed to post a cost bond as required by § 41-22-20(b). The reason Bonner failed to perform this statutory requirement is immaterial; at the time she filed her petition, § 41-22-20(b) simply did not provide any exception to the bond requirement.[1] Because Bonner did not satisfy the bond requirement, the circuit court never acquired subject matter jurisdiction.
In her appellate brief, Bonner argues that the trial court’s refusal to allow her to show substantial financial hardship and obtain a waiver constituted a denial of her right to due process under the Fifth and Fourteenth Amendments of the United States Constitution. However, Alabama law is well settled that “[a]n appeal is not a matter of vested right but it exists by the grace of either a statute or of a supreme court rule.” Crawford v. Ray & Pearman Lincoln Mercury, 420 So.2d 269, 271 (Ala.Civ.App.1982); Moutry v. State, 359 So.2d 388, 389 (Ala.Civ.App.1978); see LeFlore v. State ex rel. Moore, 288 Ala. 310, 260 So.2d 581, cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299 (1972).
We therefore hold that the trial court properly dismissed Bonner’s petition for judicial review. This case is due to be, and hereby is, affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.

. Effective July 1, 1993, subpart (b) of section 41-22-20 was amended to provide as follows:
"[a]ll proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship.”
1993 Ala. Acts No. 93-627 (codified at Ala.Code 1975, § 41-22-20(b) (Supp.1993)). The Alabama Legislature provided neither a reason for the change nor a means of retroactively enforcing the amendment. Hence, the amendment does not affect Bonner's petition.