Patricia Bonner petitioned this Court for certiorari review of a judgment of the Court of Civil Appeals. Having granted her petition, we reverse and remand.
The facts giving rise to this petition were succinctly set forth in the opinion of the Court of Civil Appeals:
 "Patricia Bonner was terminated from her employment with the Mobile County Department of Human Resources (Department). On November 17, 1992, the *Page 926 
Alabama State Personnel Board (Board) upheld the Department's decision to terminate Bonner's employment.
 "On January 19, 1993, Banner filed a petition for judicial review in the Circuit Court of Mobile County pursuant to the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-[1 to -27]. Although Bonner paid the circuit court's filing fee, she failed to post a cost bond as required by § 41-22-20(b). On March 3, 1993, the Department filed a motion to dismiss on the ground that Bonner's failure to post the bond barred the trial court from exercising jurisdiction.
 "At a hearing on the motion, Bonner stated that she had been unemployed since her termination from the Department and that she had no money [and therefore] could not pay the bond. She urged the court to allow her to present proof of substantial financial hardship and thereby obtain a waiver of the bond requirement. On April 9, 1993, the trial court granted the Department's motion to dismiss."
Bonner v. State Department of Human Resources, 676 So.2d 931,932 (Ala.Civ.App. 1993) (emphasis added).
On May 13, 1993, the legislature enacted Act No. 93-627, 1993 Ala. Acts 1051. That act, which became effective on July 1, 1993, amended §§ 41-20-5, -6, -12, -20, -22, and -23, all being part of the Alabama Administrative Procedure Act. More specifically, it amended § 41-22-20(b) by providing: "All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the . . . costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showingof substantial hardship." (Emphasis added.) Before the amendment, the relevant portion of § 41-22-20(b) had merely provided: "Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency." Act No. 93-627 thus expressly authorized precisely the procedure Bonner had sought unsuccessfully in the trial court.
On May 17, 1993, Bonner appealed to the Court of Civil Appeals. That court noted the passage of Act No. 93-627 in a footnote, but stated: "The Alabama Legislature provided neither a reason for the change nor a means of retroactively enforcing the amendment. Hence, the amendment does not affect Bonner's petition." Bonner, 676 So.2d at 933 n. 1. Consequently, it affirmed the judgment of the trial court.
We granted Bonner's petition for certiorari review of that judgment to consider whether — as Bonner contends — the Court of Civil Appeals erred in refusing to apply the amending act retroactively. We conclude that it should have applied the act retroactively.
To be sure, this Court has often noted that "retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively."Jones v. Casey, 445 So.2d 873, 875 (Ala. 1983). See alsoKittrell v. Benjamin, 396 So.2d 93, 94 (Ala. 1981); City ofBrewton v. White's Auto Store, Inc., 362 So.2d 226 (Ala. 1978). This general rule is, however, subject to an equally well-established exception, namely, that "[r]emedial statutes . . . are not within the legal [concept] of 'retrospective laws,' . . . and do operate retroactively, in the absence of language clearly showing a contrary intention." Street v. City ofAnniston, 381 So.2d 26, 29 (Ala. 1980). See Jones,445 So.2d at 875, citing Street. In other words, "[r]emedial statutes — those which do not create, enlarge, diminish, or destroy vested rights — are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law." Ex parte Burks, 487 So.2d 905, 907 (Ala. 1985) (emphasis added) (quoting Barrington v. Barrington, 200 Ala. 315, 316,76 So. 81, 82 (1917). Remedial statutes are exemplified by those that " 'impair no contract or vested right, . . . but preserve and enforce the right and heal defects in existing laws prescribing remedies.' " Jones, 445 So.2d at 875. Id.
(quoting Dickson v. Alabama Mach. Supply Co., 18 Ala. App. 164,1651, 89 So. 843, 844, cert. denied, 206 Ala. 698,89 So. 922 (1921). Such a *Page 927 
statute "may be applied on appeal, even if the effective dateof that statute occurred while the appeal was pending, and evenif the effective date of the statute was after the judgment inthe trial court." Kittrell v. Benjamin, 396 So.2d 93, 95
(Ala. 1981) (emphasis added). See also Denson v. BirminghamRealty Co., 266 Ala. 503, 506, 97 So.2d 887, 890 (1957); Smithv. Colpack, 235 Ala. 513, 179 So. 520 (1938).
Smith, for example, involved a suit commenced by Colpack against Smith, "seek[ing] the sale of land for division."235 Ala. at 514, 179 So. at 521. In a cross-bill filed by Smith against Colpack and certain third parties who, Smith alleged, also claimed an interest in the land, Smith "sought . . . an adjudication of the nature of the right of each of the parties in the premises." Id. To the cross-bill, Colpack demurred, contending, among other things, that its purported joinder of the third parties was not authorized by the applicable statute, Ala. Code 1923, § 6550. The Jefferson County Circuit Court sustained the demurrer. 235 Ala. at 514, 179 So. at 521.
On March 1, 1937, the legislature approved Act No. 175, 1936-37 Ala. Acts 208 (Ex. Sess.). Act No. 175 amended § 6550 and "became effective a few days after the decree on demurrer to the cross-bill was entered." 235 Ala. at 515, 179 So. at 522
(emphasis added). On Smith's appeal of the circuit court's decree, this Court held that Act No. 175 had effectively removed the procedural impediment to joinder of the third parties, and that the act "was controlling," 235 Ala. at 515,179 So. at 522, notwithstanding the fact that its effective date came after the entry of the decree. Id. Reversing the circuit court's decree, the Court stated: "The rule which is generally approved and recognized in this state is that a statute dealing with procedure applies to all actions,including those pending." Id. (emphasis added).
The rule articulated in these cases governs the disposition of this issue. In Alabama, statutes authorizing appellate review. are considered "remedial" in nature, and, therefore, are "to be liberally construed." Ex parte Jonas, 186 Ala. 567,572, 64 So. 960, 961 (1914); W. T. Rawleigh Co. v. Cone,29 Ala. App. 314, 196 So. 137 (1940); see also Coker v. Fountain,200 Ala. 95, 75 So. 471 (1917) ("an appeal [is] a part of the remedy and not a vested right").
For these reasons, Act No. 93-627 should have been applied retrospectively, and under that act Bonner should have had the opportunity to demonstrate to the trial court that the provision requiring a cost bond as a prerequisite for judicial review of the Board's action would result in "substantial hardship," and, consequently, to obtain a waiver of the provision. Because Act No. 93-627 affected remedies and procedures, rather than vested rights, the trial court's judgment should have been reversed and the cause remanded for application of the intervening statement of the legislativewill. This result should have obtained notwithstanding the fact that the judgment was correct under the law as of the date it was entered and despite the fact that Act No. 93-627 does notexpressly require a retrospective application. See Jones v.Casey, 445 So.2d 873, 875 (Ala. 1983) ("Remedial statutes . . . operate retroactively, absent clear language to the contrary"). The judgment of the Court of Civil Appeals is, therefore, reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, and KENNEDY, JJ., concur.
BUTTS, J., concurs in the result.