Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

## CR-21-0044

_____

## Christopher Matthew Henderson

## v.

## State of Alabama

## Appeal from Madison Circuit Court
## (CC-17-3064)

On Application for Rehearing

McCOOL, Judge.

APPLICATION OVERRULED.

Windom, P.J., and Cole and Minor, JJ., concur. McCool, J., concurs specially, with opinion. Kellum, J., dissents.

CR-21-0044

McCOOL, Judge, concurring specially.

Christopher Matthew Henderson was convicted of 15 counts of capital murder and was sentenced to death. On May 3, 2024, this Court affirmed Henderson's convictions and sentence, and Henderson timely filed an application for rehearing, which the Court now overrules. I concur in the Court's decision to overrule Henderson's application for rehearing because he has not identified any points of law or fact that the Court overlooked or misapprehended. See Rule 40(b), Ala. R. App. P. I write specially to address one of the arguments Henderson has raised in his application for rehearing.

As the Court explained in its opinion, Rule 45A, Ala. R. App. P., was amended on January 12, 2023, to provide that this Court may conduct plain-error review in death-penalty cases but is no longer obligated to do so, as it was under the prior version of the rule. The Court also explained, though, that it had already held in a previous case that it would continue to conduct plain-error review in death-penalty cases, and, consistent with that holding, the Court thoroughly searched the record for plain error and reviewed every claim that Henderson raised on appeal -- with one exception. The Court did not conduct a plain-error review of Henderson's

2

claim that the State had violated Batson v. Kentucky, 476 U.S. 79 (1986), by using its peremptory strikes in a racially discriminatory manner because Henderson did not raise that claim at trial. Rather, after noting that this Court and several Justices on the Alabama Supreme Court have long questioned the propriety of allowing a defendant to raise a Batson claim for the first time on appeal, the Court held that, in an exercise of its newly provided discretion, it will no longer review Batson claims that were not raised at trial.

In his application for rehearing, Henderson points out that his notice of appeal and the parties' briefs were filed before Rule 45A was amended. Thus, according to Henderson, "mandatory plain-error review should still have applied in [his] case." (Brief in support of application for rehearing, p. 46.) Of course, whether plain-error review is mandatory or discretionary in Henderson's appeal is largely irrelevant because, except for his Batson claim, the Court did conduct plain-error review before affirming his convictions and sentence. However, Henderson now argues in his application for rehearing that this Court must also review his Batson claim for plain error because, he says, plain-error review is still mandatory in his appeal. I disagree.

3

The Alabama Rules of Appellate Procedure (hereinafter "the Rules" or "our Rules") do not address whether amended rules apply retroactively, i.e., whether they apply to appeals that are pending at the time the amendment takes effect. The only rules that appear to speak to application of the Rules are Rule 1, which states that "[a]ll cases appealable to the Court of Criminal Appeals shall be governed by those rules contained herein which are applicable to appeals to that court," and Rule 49(1), which states that the Rules "shall apply to all appellate proceedings taken from decisions, judgments and orders entered on or after December 1, 1975." Thus, I find nothing in the Rules themselves to support the conclusion that an amended rule does not apply to appeals that are pending at the time the amendment takes effect. See also Lopez v. State, 114 S.W.3d 711, 713 (Tex. App. 2003) (applying "the current rules of appellate procedure," even though the appellant had filed his notice of appeal approximately 11 months before the rules were amended); and Hernandez v. State, 969 S.W.2d 440, 448 n.1 (Tex. App. 1998) ("The amended Texas Rules of Appellate Procedure are applicable to this proceeding, as this appeal was pending at the time the amended rules became effective.").

I also note that the United States Court of Appeals for the Fifth Circuit has held that amendments to the Federal Rules of Appellate Procedure, upon which our Rules are based, Ex parte Andrews, 520 So. 2d 507, 509 (Ala. 1987), are to "be given retroactive application to the maximum extent possible," i.e., they are to apply to pending appeals, "unless their application [in the case at hand] would work injustice." Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 334 n.2 (5th Cir. 2004) (citations omitted). That holding is persuasive authority when interpreting our Rules, Ex parte Byner, 270 So. 3d 1162, 1168 (Ala. 2018), and thus strengthens the conclusion that amendments to our Rules apply to appeals that are pending at the time the amendment takes effect. I recognize that the Fifth Circuit's holding comes with the caveat that retroactive application of an amended rule is appropriate only when it will not "work injustice," but that caveat is based on a federal statute, see Burt v. Ware, 14 F.3d 256, 259 (5th Cir. 1994), and I am not aware of any similar Alabama statute. In my opinion, the absence of a similar Alabama statute only further strengthens the conclusion that the current version of Rule 45A applies to Henderson's appeal.

I am not persuaded by the cases Henderson cites in his application for rehearing because those cases speak to the retroactive application of statutes. Furthermore, to the extent those cases are applicable, they support the Court's decision to apply the current version of Rule 45A to Henderson's appeal, as they provide that "those [statutes] which do not create, enlarge, diminish, or destroy vested rights … 'may be applied on appeal, even if the effective date of the statute occurred while the appeal was pending.'" Ex parte Bonner, 676 So. 2d 925, 926, 927 (Ala. 1995) (quoting Kittrell v. Benjamin, 396 So. 2d 93, 95 (Ala. 1981)). Contrary to Henderson's belief, applying the current version of Rule 45A to his appeal does not diminish or destroy his vested rights because, although Henderson and other defendants sentenced to death have a right to an appeal, Petersen v. State, 326 So. 3d 535, 547 (Ala. Crim. App. 2019), I am not aware of any constitutional, statutory, or rule-based "right" to plain-error review in that appeal. Even when Rule 45A made plain-error review mandatory, it did not, in my opinion, vest appellants with a "right" to that review. I also am not persuaded by Henderson's argument that he was entitled to the due-process requirements of notice and an opportunity to be heard before this Court could apply the current version

of Rule 45A to his appeal.  Generally, those due-process requirements apply when a defendant's rights are at stake, but, as I just explained, Henderson and other defendants sentenced to death have never, as far as I know, had a "right" to plain-error review.

For the foregoing reasons, I see no basis for concluding that this Court erred by applying the current version of Rule 45A to Henderson's appeal.  Thus, I do not believe the Court was under any obligation to review Henderson's <u>Batson</u> claim for plain error, and I firmly stand by the Court's conclusion that a defendant, even one sentenced to death, should not be able to raise such a claim for the first time on appeal. Accordingly, I concur in the Court's decision to deny Henderson's application for rehearing.