In his petition for certiorari, the petitioner raises several questions and he claims that the Court of Criminal Appeals, by refusing to reverse his conviction, has rendered a decision which we should review. The Court of Criminal Appeals, 486 So.2d 523, however, rendered its judgment in this case withoutwriting an opinion, and petitioner has failed to comply with the requirements of Rule 39 (k), Ala.R.App.P., which provides as follows:
 "Scope of Review. The review shall be that generally employed by certiorari and will ordinarily be limited to the facts stated in the opinion of the particular court of appeals. If the petitioner is not satisfied with that statement of facts, he may, on application for rehearing in that court present any additional or corrected statement of facts and request that court to add or correct those facts in its opinion on rehearing. If the court fails to accede to the request, petitioner may copy the statement in the petition to this court, with references therein to the pertinent portions of the clerk's record and reporter's transcript, and it will be considered along with the statement of facts in the opinion of the appellate court, if found to be correct." (Emphasis added.)
When the Court of Criminal Appeals renders a decision without an opinion, a petitioner who wants this Court to review that court's judgment must, on application for rehearing in that court, "present any additional or corrected statement of facts and request that court to add or correct those facts in its opinion on rehearing." If the Court of Criminal Appeals renders no opinion, as in this case, petitioner may request the Court of Criminal Appeals to accept his version of the facts and the law. In other words, the petitioner could, in effect, ask the Court of Criminal Appeals to adopt an opinion which would be favorable to his position. Frequently, a petitioner in this Court will file a brief which contains his version of the facts and the law applicable to those facts, but this fails to comply with the requirement of Rule 39 (k), and this Court has no alternative but to deny his petition. See, H. Henzel, Complyingwith Rule 39 (k), A.R.A.P. (How to Succeed on "Cert"), 45 Ala. Law. 270 (1984). *Page 989 
When we indicate that we are denying a writ in a "no opinion" case because petitioner has failed to comply with the requirements of Rule 39 (k), this Court does not mean to suggest that petitioner would have won on the merits of his claim had he complied with the rule, only that this Court will not review the merits of his claim because of his failure to comply with the requirements of this Court's rules.
Because petitioner has failed to comply with Rule 39 (k), we have no alternative but to deny his request that we review the judgment of the Court of Criminal Appeals.
WRIT DENIED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.