Rule 39, A.R.App.P., "Review of Decisions of Courts of Appeals," is admittedly not organized in the clearest fashion. From its title, the practitioner might logically assume that resort to this rule would be necessary only after obtaining a final disposition of a case in an intermediate appellate court. The first ten subsections of Rule 39, (a)-(j), would substantiate that assumption. In the eleventh subsection, (k), however, the second and third sentences set forth what must be done while making an application for rehearing in the intermediate appellate court in order to have this Court review facts that the petitioner thinks are relevant.
We think it not unreasonable for the practitioner who isfor the first time petitioning this Court on behalf of a client not to have realized that resort to Rule 39(k) is necessary while preparing his rehearing application in the court of appeals. The rule's title, taken with subsection (k)'s provisions regarding what must be done in the courts of appeals, make the rule something of a problem. Nevertheless, this Court adopted that rule of procedure and we are duty-bound to follow it evenly in every case to which it applies.
We will not issue a writ of certiorari to the Court of Civil Appeals in this case, in part due to the petitioner's failure to comply with Rule 39(k), A.R.App.P. We have written often about the consequences of noncompliance with Rule 39(k), and we take this opportunity to do so again, briefly.
After an intermediate appellate court, either the Court of Criminal Appeals or the Court of Civil Appeals, renders an opinion *Page 551 
(or passes judgment without an opinion), several steps must be taken to secure the review sought before this Court. In cursory fashion, we set forth those required steps below.
Step 1: "Decisions of the courts of appeals may be reviewed by the supreme court upon petition for writ of certiorarionly after the court of appeals has overruled an applicationfor rehearing on the point, issue, or decision complained of . . . ." Rule 39(a), A.R.App.P. (emphasis added). An application for rehearing must be filed within 14 days of the rendition of judgment, and it must be accompanied by a new brief, preferably captioned "Brief in Support of Application for Rehearing." See Rule 40, A.R.App.P.
Step 2: If the petitioner is dissatisfied with the facts stated by the court of appeals, "he may, on application for rehearing [accompanied by brief] in that court, present any additional or corrected statement of facts and request that court to add or correct those facts in its opinion on rehearing." Rule 39(k), A.R.App.P. We suggest that this be done by way of a motion entitled "Motion to Add or Correct Facts Pursuant to Rule 39(k), A.R.App.P." If the court of appeals does not accede to that request, the "petitioner may [apprise this Court of that denial, move that we accept those facts, and] copy the statement [of facts] in the petition to this court, with references therein to the pertinent portions of the clerk's record and reporter's transcript, and it will beconsidered along with the statement of facts in the opinion ofthe appellate court, if found to be correct." Id. (emphasis added). Absent compliance with Rule 39(k), a recital of facts contained in a brief or in a petition will be ignored to the extent that it conflicts with the opinion of the intermediate appellate court.
Noncompliance with Rule 39(k) prevents review by this Court where the intermediate appellate court has passed judgment with no opinion. In oversimplified terms, the mechanics of certiorari review work thusly: Only if this Court grants the petition for a writ of certiorari is the record transferred to this Court.[1] When the petition is being reviewed preliminarily for "a probability of merit," Rule 39(g), A.R.App.P., all that is before this Court is the opinion below, the petition and supporting brief, and perhaps a Rule 39(k) motion passed on below. If the intermediate appellate court has passed judgment without an opinion, then the only facts before this Court are those in the Rule 39(k) motion. The record, at that point, is not in this Court. The petition and brief have not been considered by any other court, and, thus, the facts as stated therein cannot be accepted by this Court; this principle is a corollary to our longstanding rule that this Court does not pass judgment on matters not reviewed below. Consequently, especially where review is sought of "no opinion" cases, the Rule 39(k) motion is absolutely critical. And, although it is not currently required by the rules of appellate procedure, we would find it helpful if copies of the application for rehearing and the Rule 39(k) motion submitted to the court below, along with the rulings on the application and the motion, were included with the petition filed with this Court.
That two-step process, treated cursorily here, is all that is necessary to perfect the record for review. We urge the bar to become familiar with the mechanics of certiorari review, and we suggest the following as a working "bibliography" to ensure that the process is fully understood and properly followed. For excellent references, see H. Henzel, "Complying with Rule 39(k), A.R.A.P. (How to Succeed on 'CERT')," 45Ala. Lawyer 270 (Sept. 1984); B. McKee, "Alabama Supreme Court Practice — Avoidable Errors and Oversights," 44 Ala. Lawyer
320, 324 (Nov. 1983); and G. Howard, "Correcting the Record on Appeal: A Primer," 49 Ala. Lawyer 212 (July 1988) (discussing Rule 10(f), Ala.R.App.P.). We also suggest that the bar review several *Page 552 
cases on point, e.g., Ex parte Moore, 493 So.2d 988 (Ala. 1986); Ex parte Grear, 484 So.2d 381 (Ala. 1985); Ex parteYarber, 437 So.2d 1330 (Ala. 1983); Ex parte Gwin,425 So.2d 510 (Ala. 1983); Ex parte Bennett, 426 So.2d 832, 834 (Ala. 1982); Ex parte Dunn, 414 So.2d 989 (Ala. 1982); Ex parteDeerman, 370 So.2d 1107 (Ala. 1979); Ex parte Phelps,339 So.2d 124 (Ala. 1976).
By no means have we addressed herein every potential snag the practitioner may hit in attempting to secure certiorari review. Rather, we have attempted to set forth very general guidelines, to offer examples of other, more specific, writings on Rule 39(k), and to cite specific cases involving the application of that rule.
In the case at bar, we express no opinion regarding the merits of the petitioner's claims had the petitioner complied with Rule 39(k). We simply note that noncompliance prevents our review of the issues presented.
WRIT DENIED.
JONES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] There are rare exceptions to this generalization, but they are applicable neither to this case nor to the brief exposition offered here.