ADAMS, Justice.
We issued a writ of certiorari to the Alabama Court of Criminal Appeals to review that court’s judgment (by unpublished memorandum opinion) affirming the conviction of Cleo Clarke, Jr., in the Circuit Court of Jefferson County on three felony counts. We affirm.
On October 5, 1989, Clarke was convicted on two counts of possession of a controlled substance, in violation of Ala.Code 1975, § 20-2-70, and on one count of possession of an altered firearm, in violation of Ala. Code 1975, § 13A-11-64. On September 21, 1990, the Alabama Court of Criminal Appeals affirmed the judgment of the circuit court. Pursuant to Ala.R.App.P. 39(k), Clarke filed an application for rehearing, in which he requested that the Court of Criminal Appeals accept or adopt his version of the facts as set forth in the application. The application was denied. In his petition before this Court, he attached as an exhibit the application for rehearing containing his statement of facts. Because Clarke’s version of the facts is dispositive of this case, we set out his statement of facts verbatim:
“Birmingham police officer Randall Mims testified for the state that on May 29,1987, he and two other police officers, Dale Thomas and Danny Phillips, went to 3652 Clairmont Avenue, Apartment 4, to *632 serve a search warrant at approximately 3:40 p.m. A lady identified as Janetta J. Clark allowed the police officers entrance into the apartment, whereupon, they began their search. Officer Mims found a bag of marijuana on the floor of one of the bedrooms and then located the Defendant in one of the bathrooms of the apartment, at which time the Defendant was placed under arrest for possession.
“Officer Mims further testified that while the search was continued, he removed the Defendant from the bathroom to the master bedroom. The officers uncovered a Smith & Wesson Airway 5-shot .38 caliber revolver in the closet of that master bedroom. Officer Mims testified that other drug paraphernalia was found throughout the apartment. Officer Mims further testified that a warrant for the Defendant’s arrest was not obtained until July 10, 1987.
“Mary Rhodes Holt, with the Alabama Department of Forensic Sciences, then testified regarding the tests performed on the substances and paraphernalia found at the Defendant’s apartment. She testified that the conclusions of her tests revealed the substances to be marijuana and cocaine. Appellant’s counsel then moved the trial court for a directed verdict of acquittal, which was overruled.”
Application for Rehearing, pp. 3-4 (citations to the record omitted). Based on these facts, Clarke contends (1) that the search warrant was obtained in violation of the Fourth Amendment, and (2) that the state failed to prove the essential elements of a violation of § 13A-11-64.

Fourth Amendment

When the Court of Criminal Appeals issues a decision without an opinion setting out the facts upon which the conviction is based, the burden is on the petitioner, pursuant to Rule 39(k), to present a factual statement sufficient to allow this Court to review each issue raised on appeal regarding the correctness of the conviction. See Ex parte Winchester, 544 So.2d 967, 968 (Ala.1989). Rule 39(k) provides:
“The [scope of] review shall be that generally employed by certiorari and will ordinarily be limited to the facts stated in the opinion of the particular court of appeals. If the petitioner is not satisfied with that statement of facts, he may, on application for rehearing in that court, present any additional or corrected statement of facts and request that court to add or correct those facts in its opinion on rehearing. If the court fails to accede to the request, petitioner may copy the statement in the petition to [the Supreme Court], with references therein to the pertinent portions of the clerk’s record and reporter’s transcript, and it will be considered along with the statement of facts in the opinion of the appellate court, if found to be correct.”

Id.

This Court is not free to peruse the record for facts that support the petitioner’s contentions. Ex parte Gwin, 425 So.2d 510 (Ala.1983). Consequently, when the Court of Criminal Appeals issues a decision without an opinion setting out the facts on which the conviction is based, the only facts that may be considered by this Court are those set forth by the petitioner pursuant to Rule 39(k). Ex parte Save Our Streams, Inc., 541 So.2d 549 (Ala.1989).
Clarke’s factual predicate conspicuously omits any reference to facts that relate to his Fourth Amendment argument. In the “argument” section of his brief, Clarke alludes to certain facts not asserted in his application for rehearing, in an effort to support his allegation that the search warrant was obtained without probable cause. However, his attempt to lay a predicate for review of that issue by this Court is ineffectual. As one commentator has correctly observed, “Petitioners for certio-rari often make the mistake of providing a brief with a statement of facts which contains facts not found in the opinion of the lower appellate court or submitted to that court on application for rehearing. This is totally improper on petition for writs of certiorari.” H. Henzel, Complying with Rule 39(k), A.R.A.P. (How to Succeed on *633 “Cert"), 45 Ala. Lawyer 270, 272 (Sept. 1984) (emphasis added).
We recently expounded upon the rationale for this rule, in Ex parte Save Our Streams, Inc.:
“If the intermediate appellate court has passed judgment without an opinion, then the only facts before this Court are those in the Rule 39(k) motion. The record, at that point, is not in this Court. The petition and brief have not been considered by any other court, and, thus, the facts as stated therein cannot be accepted by this Court; this principle is a corollary to our longstanding rule that this Court does not pass judgment on matters not reviewed below. Consequently, especially where review is sought of ‘no opinion’ cases, the Rule 39(k) motion is absolutely critical.”
541 So.2d at 551 (emphasis in original). Thus, unless the proposed additional facts have been included in the application to the Court of Criminal Appeals for rehearing, they “will be ignored to the extent that [they conflict] with the opinion of [that] court.” Id. The petitioner has not properly presented this Court with any facts relevant to his allegations of a Fourth Amendment violation; therefore, this Court may not address that issue. See also Ex parte Franklin, 502 So.2d 828 (Ala.1987) (writ quashed as improvidently granted where petitioner failed to supplement opinion of Court of Criminal Appeals with facts to support his Fourth Amendment argument).

Conviction Under § ISA-11-64

Clarke insists that the state failed to prove that he “possessed” the revolver that was found in the search of the premises, and insists that if the state did prove possession, then it failed to prove that he possessed it with the requisite mens rea to support a conviction under § 13A-11-64. That section provides as follows:
“A person who either:
“(1) Changes, alters, removes, or obliterates the name of the maker, model, manufacturer’s number or other mark or identification of any firearm, or
“(2) Possesses, obtains, receives, sells, or uses a firearm after the maker, model, manufacturer’s number or other mark or identification has been changed, altered, removed, or obliterated,
“is guilty of a Class C felony.”

Id.

Although this section is facially devoid of a mens rea requirement, the Alabama Court of Criminal Appeals has construed it as requiring “knowledge” and “intent.” In State v. Self, 492 So.2d 319 (Ala.Crim.App.1986), that court stated:
“[W]e believe the mental state required for criminal possession, etc., should reflect the statute’s goal, i.e., that a person who
“ ‘(2) possesses, obtains, receives, sells, or uses a firearm with knowledge that the maker, model, manufacturer’s number or other mark or identification has been changed, altered, removed or obliterated and with intent to conceal or misrepresent the identity of the firearm ’
“ ‘is guilty of a Class C felony.’ ”
Id. at 323 (emphasis in original).
Clarke insists that the mere presence of the revolver in the bedroom closet proved neither actual nor constructive possession. He also contends that the state failed to prove the mens rea necessary to support a conviction under § 13A-11-64. We do not decide whether the Court of Criminal Appeals’ construction of this statute is correct. Assuming, arguendo, that Clarke correctly states the mens rea requirement of § 13A-11-64, we, nevertheless, conclude that his arguments for reversal of his conviction under this section suffer substantially the same inadequacies as his Fourth Amendment argument.
The only facts before us upon which we may review the sufficiency of the state’s case reveal that the police officers were admitted upon the premises by a lady named “Janetta J. Clark.” That fact raises at least the inference that the petitioner, Cleo Clarke, was not a mere transient at the apartment. Conspicuously absent from the petitioner’s statement of facts is evidence tending to show that he did not re *634 side at the apartment under any of the incidents of ownership or possession.
In addition, according to the facts as stated by Clarke, the officers’ search of the closet “uncovered” the .38 caliber revolver. Absent from the facts is evidence tending to show that he had not concealed the revolver in the closet. Indeed, the petitioner’s version of the facts adds nothing that would detract from the state’s case or justify a reversal of the judgment of the Court of Criminal Appeals. This is especially significant in view of the fact that Rule 39(k) allows a petitioner to present for review a set of facts that favors his position. Ex parte Moore, 493 So.2d 988 (Ala.1986).
The petitioner’s prima facie compliance with Rule 39(k) lacks more substance than was apparent on a first reading. Therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.