PER CURIAM.
This is the second time this case has been before this Court. This case began when the *894 State Department of Revenue assessed Phillips Petroleum Company, a natural gas producer, a privilege tax, along with penalties and interest. Phillips Petroleum paid the tax under protest and appealéd for a refund, arguing that the Revenue Department could not use the “work-back method” to figure the value of the gas for tax purposes. Initially, the trial court, after an ore tenus hearing, held that the Revenue Department could use the work-back method to calculate the value of the gas from the date the Revenue Department notified Phillips Petroleum that it would determine the value of the gas by the work-back method, but that the Revenue Department, could not use the work-back method to calculate the value of the gas for the period before the notification date. The trial court ordered the Revenue Department to pay Phillips Petroleum a refund for the pri- or-to-notification period.
In State v. Phillips Petroleum Co., 638 So.2d 880 (Ala.Civ.App.1991), the Court of Civil Appeals held that the trial court erred in holding that the Revenue Department could use the work-back method to figure the value of the gas once it had notified Phillips Petroleum and that the State, without contribution-from the counties or municipalities that had shared the tax funds, is responsible for the refund.
On certiorari review, in State v. Phillips Petroleum Co., 638 So.2d 886 (Ala.1992), this Court affirmed the Court of Civil Appeals’ holding that the State alone is to refund the contested tax paid under protest and found to have been assessed in error, but reversed the holding that the Revenue Department cannot use the work-back method to figure the value of the gas after notification. We noted that the Court of Civil Appeals had pretermitted other issues and, therefore, we remanded the cause to the Court of Civil Appeals for further proceedings, including a remand to the trial court should further findings of fact be necessary.
On remand, the Court of Civil Appeals, 638 So.2d 890, did not consider the issues that it had pretermitted on appeal, nor did it remand this case to the trial court for findings of fact; it held that under the facts in the record, the Revenue Department did not properly use the work-back method; it reversed that part of the trial court’s judgment “that upheld the Revenue Department’s final assessment from July 22, 1986, until July 31, 1986, and allowed the Revenue Department to utilize the work-back method” and it remanded the case for the trial court to order refunds in accordance with this Court’s opinion in State v. Phillips Petroleum Co., 638 So.2d 886.
This Court has granted the Revenue Department’s petition for certiorari review of the Court of Civil Appeals’ judgment. The only issue on that review is whether the Court of Civil Appeals erred in holding that the trial court did not properly use the work-back method in determining the value of gas at the wellhead.
In our original opinion, we held that the Revenue Department was not limited in the method that it could use in arriving at the “value” of the gas; however, we specifically held that any determination of value, other than the actual sale price for cash at the wellhead, could be challenged by the taxpayer on the ground that the assessment overestimates, or underestimates, the value or market value. We noted that the work-back method, although not favored, could be used in determining value. So long as the Revenue Department considers like-quality gas sales prices by reasonably regarding them, the Revenue Department is not constrained to determine value on the basis of like-quality sales prices and may conclude that gas should be valued by the work-back method. See our opinion in State v. Phillips Petroleum Co., 638 So.2d at 886.
The record reveals that the Revenue Department did not view certain like-quality sales as a reliable indicator of the value of Phillips Petroleum’s gas. Rather, the Revenue Department viewed Phillips Petroleum’s own records about its own gas sales and its own treatment costs as a more reliable indicator of the value of the gas and, therefore, valued the gas by using the work-back method. This method involved taking the aggregate sales prices of the treated products and then subtracting the actual treatment cost, all as disclosed by Phillips Petroleum’s own records. The trial court upheld the Revenue *895 Department’s use of the work-back method of valuation, and we find no evidence presented by Phillips Petroleum indicating that these calculations improperly included or excluded any items in such a manner that the end result did not fairly indicate value. See our earlier opinion.
In reviewing the record, we cannot find that Phillips Petroleum pointed to any sales of like-quality gas or any contracts as being determinative of the value of its gas. In fact, Phillips Petroleum had not paid its taxes on the basis of like-quality gas contracts. Phillips Petroleum never provided any such contracts to the Revenue Department and never said to the Revenue Department that information concerning the contracts should be the basis of calculating Phillips Petroleum’s gas; Phillips Petroleum never emphasized the contractual information; rather, it only submitted general information concerning other contracts. It appears from the record that there was no disagreement between the Revenue Department and Phillips Petroleum as to the starting point for gas valuation (i.e., the aggregate sales prices of treated gas products), and that the only disagreement was whether the subtraction figure should be, as Phillips Petroleum contends, 21% (which supposedly represented treatment costs), or a determination of Phillips Petroleum’s actual treatment costs, as the Revenue Department argued. Any information concerning like-quality sales contracts was acquired by the Revenue Department as background information; however, Phillips Petroleum never pointed to and never emphasized the information as being the basis on which its gas should be valued.
After reviewing the record, we conclude that the Court of Civil Appeals misinterpreted this Court’s holding in our first opinion in this ease and that it erred in concluding that the Revenue Department did not properly use the work-back method in this case. The trial court approved the Revenue Department’s use of the work-back method, implicitly finding that the Revenue Department considered and gave reasonable regard to like-quality sales prices before using the work-back method. We conclude that the trial court’s determination of value, using the work-back method in this case, was correct and that, in determining that the work-back method was not proper here, the Court of Civil Appeals erroneously substituted its judgment for that of the trial court. Accordingly, the judgment of the Court of Civil Appeals is reversed and a judgment is rendered for the Revenue Department reinstating the terms of the trial court’s judgment.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.