MADDOX, Justice
(concurring specially).
I concur in denying the writ only because the State did not sufficiently comply with the requirements of Rule 39(k), Ala.R.App.P. The Court of Criminal Appeals affirmed the dismissal of this case by memorandum and without opinion. See Rule 54, Ala.R.App.P.
On application for rehearing, the State filed a Rule 39(k) motion for a statement of additional facts, asking the Court of Criminal Appeals to adopt the facts stated in the State’s original brief. The court denied the application for rehearing and the Rule 39(k) motion. Even assuming that the State’s Rule 39(k) motion in the Court of Criminal Appeals was sufficient, and it is doubtful that it was, because it did not actually “present any additional or corrected statement of facts,” the State failed to “copy the statement [of facts presented in the Rule 39(k) motion] in the petition to this court.” Rule 39(k), Ala.R.App.P. Thus, there is nothing presented for our review. See Ex parte Save Our Streams, Inc., 541 So.2d 549, 551 (Ala. 1989) (“Noncompliance with Rule 39(k) prevents review by this Court where the intermediate appellate court has passed judgment with no opinion_ If the intermediate appellate court has passed judgment without an opinion, then the only facts before this Court are those in the Rule 39(k) motion_ Consequently, especially where review is sought of ‘no opinion’ cases, the Rule 39(k) motion is absolutely critical.” (Emphasis in original.)).
If the State had complied with Rule 39, I would vote to issue the writ, to review the State’s claim that the prosecutor’s conduct did not amount to such overreaching that the principle of double jeopardy should bar a retrial following the defendant’s successful motion for a mistrial. The State contends that the defendant failed to provide sufficient evidence to support his motion to dismiss the indictment based on double jeopardy grounds. If we had sufficient facts to review the case, I believe that a review of the standard to be applied in determining whether double jeopardy bars a retrial where the defendant’s motion for mistrial was granted would be warranted.[1]

. The standard to be applied in the determination of a claim of a Fifth Amendment double jeopardy bar following a defendant’s [successful] motion for mistrial was enunciated in Oregon v. *1358 Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982):
" '[T|he circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.' (Emphasis added [in Kinardf) 456 U.S. at 679, 102 S.Ct. at 2091[, 72 L.Ed.2d at 426-27]."
Kinard v. State, 495 So.2d 705, 707 (Ala.Cr.App. 1986). See Ex parte Cochran, 500 So.2d 1179, 1181-82 (Ala.1985).
The Court in Kennedy further stated that "[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant’s motion,” would not be sufficient to bar a retrial, "absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." 456 U.S. at 675-76, 102 S.Ct. at 2089, 72 L.Ed.2d at 424-25. See Brannon v. State, 549 So.2d 532, 535-36 (Ala.Cr.App.1989). The Kennedy Court also stated, upon considering a rule that "the defendant’s election to terminate the first trial by his own motion should ... be deemed a renunciation ... for all purposes” of "the right ... to have his trial completed before the first jury empaneled to try him,” that "there would be great difficulty in applying such a rule where the prosecutor’s actions giving rise to the motion for mistrial were done 'in order to goad the [defendant] into requesting a mistrial. United States v. Dinitz, [424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267, 276 (1976)].” Kennedy, 456 U.S. at 673, 102 S.Ct. at 2088, 72 L.Ed.2d at 423.