792 So.2d 380 (1999)
Ex parte STATE DEPARTMENT OF REVENUE and
Ex parte Clay J. Calhoun.
(Re State Department of Revenue v. Clay J. Calhoun and Clay J. Calhoun v. State Department of Revenue).
1971747 and 1971761.
Supreme Court of Alabama.
July 23, 1999.
*381 Bill Pryor, atty. gen.; Ron Bowden, chief counsel, Department of Revenue, and asst. atty. gen.; and John Breckenridge, asst. counsel, Department of Revenue, and asst. atty. gen., for State Department of Revenue.
Gregory L. Leatherbury, Jr., and Bryan A. Thames of Hand Arendall, L.L.C., Mobile, for Clay J. Calhoun.
MADDOX, Justice.
These petitions for certiorari review involve tax assessments by the State Department of Revenue (the "Department"). They raise two issues:
(1) Should the provisions of §§ 40-2A-1 to -15, Ala.Code 1975, the "Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act" ("the Act"), be applied retroactively to a case that was pending before the Department when the Act was adopted?
(2) Should the taxpayer, in whose favor the circuit court entered a summary judgment, be awarded attorney fees?

Facts
The facts are not disputed. They are set out in the opinion of the Court of Civil Appeals (see State Department of Revenue v. Calhoun, 792 So.2d 373 (Ala.Civ.App. 1998)), but we state them again to clarify our holdings in this case.
On October 17, 1988, the Department entered two preliminary assessments for oil and gas privilege taxes against the taxpayer, Clay Calhoun. Calhoun disputed the assessments and, after informal settlement negotiations failed, he requested a formal hearing with the Administrative Law Division of the Department.
In a letter dated February 8, 1989, the administrative law judge notified Calhoun that his request for a hearing had been docketed and that he would be informed of the time and location of the hearing. The administrative law judge also requested that the Department "forward to [the judge] a short statement of the relevant facts, the matters asserted, the Department's position, and the issues involved." Apparently, the Department took no action on this request for over five years, and it explained that delay by indicating that it was waiting on a decision in another case that would clarify the so-called "work-back method" used for the calculation of taxes.
While the matter was pending before the administrative law judge, the Legislature enacted the Act at issue here, Act No. 92-186, Ala. Acts 1992, which became effective October 1, 1992. On February 24, 1994, the administrative law judge entered, for the first time, an order setting a hearing and directing the Department to file an answer. Calhoun shortly thereafter moved to dismiss the entire proceeding, *382 basing his motion upon provisions of the Act requiring the Department to file an answer within 30 days after receiving notice of a taxpayer's appeal to the Administrative Law Division. See § 40-2A-9(c), Ala.Code 1975. The administrative law judge denied the taxpayer's motion, on the ground that his case had been pending before the Act was adopted. The effect of this holding was not to apply the provisions of the Act retroactively. Subsequently, the administrative law judge conducted a hearing and entered an order upholding the Department's assessment of Calhoun's oil and gas privilege tax.
Displeased with the ruling of the administrative law judge on his motion to dismiss, Calhoun filed a complaint and a notice of appeal with the Mobile Circuit Court. Subsequently, both Calhoun and the Department moved for summary judgment. After conducting hearings on the motions, the trial judge entered a summary judgment in favor of Calhoun, based upon the conclusion that the Act should be applied retroactively. The trial judge further determined that the Department was guilty of laches. Calhoun moved for an award of attorney fees, but the trial court denied his motion.
The Department appealed the summary judgment to the Court of Civil Appeals. Calhoun cross-appealed, contending that the trial court had erred in denying his motion for attorney fees.
The Court of Civil Appeals affirmed Calhoun's summary judgment, holding that the Act should be applied retroactively, because, that court said, it dealt with procedure and was, therefore, remedial in nature. The Court of Civil Appeals affirmed the denial of Calhoun's motion for an award of attorney fees.
We have granted both the Department's petition and Calhoun's petition for certiorari review, and we have heard oral arguments.
The Department's petition raises the issue whether the Act applies retroactively. Calhoun's petition raises only the question whether he should be awarded attorney fees on the basis that his actions in this case bestowed a "common benefit" on all Alabama taxpayers or, alternatively, on the basis that the Department's conduct constituted "willful negligence" (this term appears in Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala.1985)).
We conclude that the Court of Civil Appeals erred in holding that the Act should be applied retroactively. Thus, we reverse the judgment of the Court of Civil Appeals insofar as it affirmed the taxpayer's summary judgment. We affirm the judgment of the Court of Civil Appeals insofar as it affirmed the order denying attorney fees.

I.
We first address the question whether the Act should be retroactively applied.
"[T]his Court has often noted that `retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.' This general rule is, however, subject to an equally well-established exception, namely, that `remedial statutes ... are not within the legal [concept] of "retrospective laws," ... and do operate retroactively, in the absence of language clearly showing a contrary intention.'"
Ex parte Bonner, 676 So.2d 925, 926 (Ala. 1995) (citations and emphasis omitted). This Court has also held that "when a new statute deals with procedure only, it applies to all actions, including ... actions that are pending." Grant v. State, 667 So.2d 1372, 1374 (Ala.1995) (emphasis added). *383 It might at first glance appear that, given these principles of law, we should affirm the judgment of the Court of Civil Appeals applying the Act retroactively or that we should quash the writ in case no. 1971747 as having been improvidently granted.
We have carefully considered the Act, and we conclude that although the Act does address some procedural issues, as the taxpayer claims, the Act does not purport to address "procedure only," as contemplated by this Court's opinion in Grant, 667 So.2d at 1374. In Grant, the statute this Court held to be retroactive dealt with the time limitation on when the State could collect on a tax assessment. In that case, this Court applied the principle that because the statute was procedural only its provisions would be applied retroactively.
This present case is distinguishable from Grant, because the Act involved in this case is not procedural only, but also deals with rights, remedies, and responsibilities of both taxpayers and the Department. For example, § 40-2A-4(b)(6)a. authorizes the commissioner "to enter into written agreements to allow any taxpayer to pay any tax in installment payments." Section 40-2A-11 provides for "[c]ivil penalties levied in addition to other penalties provided by law" (quoting the title of that section); and § 40-2A-12 provides that a contract "between a self-administered municipality or county and a private examining or collecting firm" cannot have "a term in excess of three years." Each of these examples reflects some area in which the Act does more than "preserve and enforce" rights or simply "heal defects in existing laws prescribing remedies," which would be characteristic of a remedial statute. Ex parte Bonner, 676 So.2d at 926 ("Remedial statutes are ... those that `"impair no contract or vested right, ... but preserve and enforce the right and heal defects in existing laws prescribing remedies."'" (quoting an earlier case)). In Bonner, this Court held that a statute amending the Alabama Administrative Procedure Act to provide for a waiver of costs when a person could show substantial hardship would be applied retroactively.
Is § 40-2A-9, Ala.Code 1975, within the definition of "remedial statute" that this Court gave in Bonner? We think not. The Act at issue here does more than "heal defects in existing laws prescribing remedies." Bonner, supra. Stated another way, the Act does not merely set time limits on when the State must file an answer in a proceeding before the Administrative Law Division. In the Act, the Legislature not only addressed procedural aspects of disputes involving tax assessments, but also addressed the authority and responsibility of the Administrative Law Division in regard to tax-assessment cases. Despite the language in § 40-2A-2(1), Ala.Code 1975, stating that the legislative intent behind the Act "is to provide equitable and uniform procedures for the operation of the department," we conclude that the Legislature, in the body of the Act, also addressed substantive issues that cannot be classified as "procedural only." Consequently, we hold that the Act at issue here is not a remedial act, and we apply the general rule that "retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent." Jones v. Casey, 445 So.2d 873, 875 (Ala.1983)(quoted in Ex parte Bonner, 676 So.2d at 926). Had the Legislature intended for the Act to apply to proceedings pending when the Act became effective, it could have specifically stated that intent.
We reach this conclusion based primarily upon the language of the statute itself. We are guided largely by the fact that the words of the Act give absolutely no indication *384 that the Legislature intended the Act to apply retroactively. Consequently, we decline to hold that it does.
We reverse the Court of Civil Appeals' judgment insofar as it relates to the question of retroactivity of the Act.[1]

II.
In his petition, the taxpayer argues that he is entitled to an award of attorney fees on the basis that he bestowed a common benefit on Alabama taxpayers, or, alternatively, on the basis that the Department's conduct constituted "willful negligence." We cannot accept either of these arguments. Calhoun did not make a specific showing of a common benefit to all taxpayers. In his brief, Calhoun argues that this litigation has bestowed a common benefit on all taxpayers by holding the Department accountable for its failure to comply with the Act. Given our holding that the Circuit Court erroneously entered the summary judgment for the taxpayer, it is clear that the taxpayer is not entitled to an award of attorney fees on the basis that he has bestowed a common benefit on all taxpayers similarly situated.
Calhoun also argues that the Department committed "willful negligence" in failing for five years to notify him concerning the status of his request for a hearing before the Administrative Law Division. While this delay seems to have been quite lengthy, and while the Department's failure to communicate with Calhoun regarding the reasons for the delay may suggest negligence, we do not find that this delay rises to the level of "willful negligence." See Advertiser Co. v. Auburn Univ., 579 So.2d 645, 649 (Ala.Civ.App.1991).
The Department presented evidence indicating that the delay was caused by litigation of the question whether the "work-back method" could be used to calculate taxes. See State v. Phillips Petroleum Co., 638 So.2d 886 (Ala.1992); and State v. Phillips Petroleum Co., 638 So.2d 893 (Ala. 1994) (where a natural-gas producer paid a privilege tax under protest and appealed for a refund, the taxpayer argued that the Department could not use the "work-back method" to calculate the value of gas for tax purposes).[2]
Because the Department presented a valid reason for the delaythat is, that the issue whether the Department could use the "work-back" method was pending in litigationwe conclude that the delay or the failure to communicate to the taxpayer the reason for the delay does not rise to the level of "willful negligence."

III.
We reverse that portion of the judgment of the Court of Civil Appeals affirming the summary judgment for the taxpayer. We affirm that portion of the judgment denying an award of attorney fees. The case is remanded for proceedings consistent with this opinion.
*385 1971747REVERSED AND REMANDED.
1971761AFFIRMED.
HOOPER, C.J., and HOUSTON, COOK, SEE, and BROWN, JJ., concur.
LYONS and JOHNSTONE, JJ., concur in the result in part and dissent in part.
JOHNSTONE, Justice (concurring in the result in part and dissenting in part).
As to case 1971761, I concur in the result. As to case 1971747, I respectfully dissent. This Court should affirm the Court of Civil Appeals in its affirmance of the trial judge's judgment dismissing the claim of the Department of Revenue. The reasons are procedural.
The trial judge's primary holding was that the Alabama Taxpayers' Bill of Rights mandated dismissal of the claim by the Department of Revenue. When the Department appealed to the Court of Civil Appeals, the Department omitted from its initial brief any argument on the issue of the trial judge's primary holdingthe issue of whether the Taxpayers' Bill of Rights mandated the dismissal. The Department devoted its initial brief to an argument that the Taxpayers' Bill of Rights is not retroactive and therefore is not applicable to this particular action and an argument that the Department was not guilty of laches. The Department failed to argue that, even if the Taxpayers' Bill of Rights is retroactive and does apply to this case, the Act did not mandate the dismissal. Thus, the Department waived the argument that the Taxpayers' Bill of Rights, if it did apply, did not mandate the dismissal. Rule 28(a)(3) and (5), and Rule 28(c), Ala.R.App. P.; Perkins v. Dean, 570 So.2d 1217 (Ala.1990). The Court of Civil Appeals so held.
While the Department now argues before this Court that the Taxpayers' Bill of Rights is not retroactive and therefore does not apply to this case, the Department did not preserve this issue for review by this Court, inasmuch as the Department omitted this issue (the applicability or inapplicability of the Act) from its application for rehearing filed with the Court of Civil Appeals. Only issues preserved by an application for rehearing filed with the Court of Civil Appeals are preserved for review by this Court. Rule 39(a), Ala. R.App. P.; Ex parte Save Our Streams, Inc., 541 So.2d 549 (Ala.1989).
The only issue the Department included in its application for rehearing and thereby purported to preserve for review by this Court was the issue of whether the Act mandated the dismissal. This Court cannot review this issue, because as already explained, the Department has already waived this issue by failing to include it in the initial brief submitted by the Department to the Court of Civil Appeals.
LYONS, J., concurs.
NOTES
[1] Because we hold that the Act is not retroactive, we pretermit discussion of the question whether the Department's failure to file an answer within 30 days of the effective date of the Act affects jurisdiction, and we need not consider whether that question was properly raised in the Court of Civil Appeals.
[2] In the Phillips Petroleum cases, the circuit court approved the Department's use of the work-back method as of the date that the Department notified the natural-gas producer that it would determine the value of gas by that method. The trial court ordered the Department to pay the producer a refund for the period before notification. On appeal, the Court of Civil Appeals reversed the ruling of the trial court on the use of the work-back method and ordered the State to pay a refund. On certiorari review, this Court ultimately held that the Department could properly use the work-back method to value natural gas for purposes of applying the privilege tax. State v. Phillips Petroleum Co., 638 So.2d 893 (Ala.1994).