In March 1997, Auburn Medical Center, Inc. ("Auburn"), filed a petition for declaratory relief with the State Health Planning and Development Agency ("SHPDA"), seeking a declaration that East Alabama Health Care Authority d/b/a East Alabama Medical Center ("EAMC") was violating several certificate-of-need ("CON") rules and requesting certain relief. The CON Review Board ("CONRB") received evidence from Auburn and EAMC regarding Auburn's petition and its allegations, and eventually the petition was denied by operation of law in December 1998. Auburn appealed the CONRB's decision to the circuit court. EAMC filed a motion to dismiss, arguing that Auburn had not exhausted its administrative remedies, specifically, that Auburn had not filed an appeal to a fair-hearing officer before seeking judicial review. The circuit court granted the motion to dismiss. Auburn appeals.
Auburn concedes that it did not file an appeal to a fair-hearing officer, but argues that it was not required to do so as a prerequisite to seeking judicial review. Ala. Admin. Code, § 410-1-8.16, provides: "A fair hearing is a remedy which must be exhausted as a condition to judicial review." Act No. 98-341, Ala. Acts 1998, amended Ala. Code 1975, § 22-21-275, to state that "an aggrieved party shall not be required to request reconsideration or a fair hearing prior to or as a condition to seeking judicial review." The amendments to §22-21-275 became effective July 1, 1998.
Auburn argues that the amendment to § 22-21-275 should be applied retroactively to its petition filed in March 1997. EAMC contends that the amendment should be applied prospectively — only to petitions filed on or after July 1, 1998.
Our supreme court has stated:
 "To be sure, this Court has often noted that `retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.' Jones v. Casey, 445 So.2d 873, 875 (Ala. 1983). See also Kittrell v. Benjamin, 396 So.2d 93, 94 (Ala. 1981); City of Brewton v. White's Auto Store, Inc., 362 So.2d 226
(Ala. 1978). This general rule is, however, subject to an equally well-established exception, namely, that `[r]emedial statutes . . . are not within the legal [concept] of "retrospective laws," . . . and do operate retroactively, in the absence of language clearly showing a contrary intention.' Street v. City of Anniston, 381 So.2d 26, 29 (Ala. 1980). See Jones, 445 So.2d at 875, citing Street. In other words, `[r]emedial statutes — those which do not create, *Page 260 
enlarge, diminish, or destroy vested rights — are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law.' Ex parte Burks, 487 So.2d 905, 907 (Ala. 1985) (emphasis added) (quoting Barrington v. Barrington, 200 Ala. 315, 316, 76 So. 81, 82 (1917)). Remedial statutes are exemplified by those that `"impair no contract or vested right, . . . but preserve and enforce the right and heal defects in existing laws prescribing remedies.'" Jones, 445 So.2d at 875. Id. (quoting Dickson v. Alabama Mach. Supply Co., 18 Ala. App. 164, 165, 89 So. 843, 844, cert. denied, 206 Ala. 698, 89 So. 922 (1921))."
Ex parte Bonner, 676 So.2d 925, 926 (Ala. 1995). But see Ex parte StateDep't of Revenue, 792 So.2d 380 (Ala. 1999) (holding that the Taxpayers' Bill of Rights had substantive as well as remedial provisions and that it would be applied prospectively).
Act No. 98-341, which amended §§ 22-21-270, -274, and — 275, altered some of the procedures for reviewing a CONRB decision. The Act did not "create, enlarge, diminish, or destroy vested rights." Ex parteBurks, 487 So.2d at 907. The Act contains no substantive changes to CON law. Therefore, we conclude that the Act was a remedial Act and that a retrospective application of the Act is appropriate. We hold that the amendments to § 22-21-275 apply to Auburn's petition, which was pending on July 1, 1998, the effective date of the amendments. Therefore, Auburn was not required to appeal the CONRB decision to a fair-hearing officer before it filed its petition for judicial review, because that requirement had been removed by the amendments to § 22-21-275.
The trial court's judgment dismissing Auburn's petition is reversed, and the cause is remanded for the trial court to address the merits of Auburn's petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.