The Court of Civil Appeals held that Act No. 98-341, Ala. Acts 1998 (the Freeman Act), was a remedial act for which retrospective application was appropriate. Auburn Med. Ctr., Inc. v. State Health Planning Dev.Agency, 814 So.2d 258 (Ala.Civ.App. 2000). We granted certiorari review on the petitions of the Alabama State Health Planning and Development Agency (SHPDA) and East Alabama Health Care *Page 262 
Authority d/b/a East Alabama Medical Center. We reverse and remand.
We adopt this statement of facts from the opinion of the Court of Civil Appeals:
 "In March 1997, Auburn Medical Center, Inc. (`Auburn'), filed a petition for declaratory relief with the State Health Planning and Development Agency (`SHPDA'), seeking a declaration that East Alabama Health Care Authority d/b/a East Alabama Medical Center (`EAMC') was violating several certificate-of-need (`CON') rules and requesting certain relief. The CON Review Board (`CONRB') received evidence from Auburn and EAMC regarding Auburn's petition and its allegations, and eventually the petition was denied by operation of law in December 1998. Auburn appealed the CONRB's decision to the circuit court. EAMC filed a motion to dismiss, arguing that Auburn had not exhausted its administrative remedies, specifically, that Auburn had not filed an appeal to a fair-hearing officer before seeking judicial review. The circuit court granted the motion to dismiss."
814 So.2d at 259.
The Court of Civil Appeals reversed the judgment of the circuit court. The Court of Civil Appeals held that the Freeman Act is a remedial act that can be applied retrospectively, and that, under a retrospective application of the Freeman Act, Auburn was not required to exhaust its administrative remedies before appealing to the circuit court. The Court of Civil Appeals' opinion addressed only the question whether the Freeman Act was to be applied retrospectively and did not consider other, potentially dispositive, issues raised by the parties.
This Court addressed the issue of retrospective application of legislative acts in Ex parte State Department of Revenue, 792 So.2d 380
(Ala. 1999). Retrospective application of an act is disfavored unless 1) the act expressly states that it is to be applied retrospectively, 2) the Legislature clearly intended the act to have retrospective application; or 3) the act is of a remedial nature. Ex parte State Department ofRevenue, 792 So.2d at 383. In other cases, this Court has held that "`[r]emedial statutes — those which do not create, enlarge, diminish, or destroy vested rights — are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law." Ex parte Burks, 487 So.2d 905, 907 (Ala. 1985) (quotingBarrington v. Barrington, 200 Ala. 315, 316, 76 So. 81, 82 (1917)). InEx parte State Department of Revenue, this Court further described remedial statutes as addressing "procedure only." 792 So.2d at 383.
In Ex parte State Department of Revenue, this Court examined §40-2A-1 to -15, Ala. Code 1975 (the "Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act"), to determine whether it should be retrospectively applied. It concluded that the Taxpayers' Bill of Rights addressed both procedural aspects of tax law and substantive issues.792 So.2d at 383. This Court further determined that the Taxpayers' Bill of Rights should not be applied retrospectively, because it contained nothing to indicate the Legislature intended it to apply retrospectively and because it addressed substantive issues. Ex parte State Departmentof Revenue, 792 So.2d at 383-84.
All parties here concede that if the Freeman Act makes substantive changes to our CON laws, then the doctrine of Ex parte State Departmentof Revenue applies. We agree. We find that the Freeman Act does make several substantive changes to Alabama's CON laws; for example, it creates a limited right of CON *Page 263 
holders to transfer CONs. Ala. Code 1975, § 22-21-270(e), (f). Further, we find in the Freeman Act no language authorizing retrospective application and no indication that the Legislature intended it to apply retrospectively.
Thus, we conclude that under the doctrine stated in Ex parte StateDepartment of Revenue the Freeman Act may not be retrospectively applied. The Court of Civil Appeals reversed the trial court's judgment on an improper basis; it should have addressed the remaining potentially dispositive issues raised by the parties. We reverse the judgment of the Court of Civil Appeals and remand this case for a judgment or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, See, Lyons, Brown, Johnstone, and England, JJ., concur.