814 So.2d 263 (2001)
AUBURN MEDICAL CENTER, INC.
v.
STATE HEALTH PLANNING AND DEVELOPMENT AGENCY et al.
2990164.
Court of Civil Appeals of Alabama.
May 11, 2001.
Rehearing Denied June 22, 2001.
*264 Alvin T. Prestwood of Volz, Prestwood & Hanan, P.C., Montgomery; and Hugh V. Smith, Jr., Montgomery, for appellant.
Mark D. Wilkerson and R. Winston Lee of Brantley & Wilkerson, P.C., Montgomery, for appellee Alabama State Health Planning and Development Agency.
James E. Williams of Melton, Espy, Williams & Hayes, P.C., Montgomery, for appellee East Alabama Health Care Authority d/b/a East Alabama Medical Center.

On Remand from the Supreme Court
CRAWLEY, Judge.
The prior judgment of this court has been reversed by the Supreme Court of Alabama. See Ex parte East Alabama Health Care Authority, 814 So.2d 260 (Ala.2001). We had held that Act No. 98-341, Ala. Acts 1998, was to be applied retrospectively, and we concluded that, therefore, Auburn Medical Center was not required to exhaust its administrative remedies, specifically to seek a fair-hearing, pursuant to Ala. Admin. Code, § 410-1-8-.16, before seeking judicial review of a decision of the Certificate-of-Need Review Board ("CONRB"). See Auburn Med. Ctr., Inc. v. State Health Planning & Develop. Agency, 814 So.2d 258 (Ala. 2000). The supreme court reversed our judgment, holding that the Act could not be applied retrospectively, and that, therefore, Auburn Medical Center was required to seek a fair-hearing as a prerequisite to judicial review. Ex parte East Alabama Health Care Authority, 814 So.2d at 263. The supreme court instructed this court to address on remand the remaining issues argued by Auburn Medical Center that we did not address in Auburn Medical Center. We will now do so.
Auburn Medical Center argues that the trial court erred in dismissing its complaint because, Auburn Medical Center contends, the CONRB failed to rule on its petition for a declaratory ruling made pursuant to § 41-22-11, Ala.Code 1975. Section 41-22-11(b) states, in pertinent part:
"Failure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such ruling shall constitute a denial of the request as well as a denial of the merits of the request and shall be subject to judicial review."
Auburn Medical Center filed a petition seeking (1) a declaration that East Alabama Health Care Authority had violated certain SHPDA rules and regulations; (2) the revocation of certain CONs issued to *265 East Alabama Health Care Authority; and (3) the denial of reimbursements for East Alabama Health Care Authority projects that had been completed in violation of SHPDA rules and regulations. Auburn Medical Center argues that the relief was deemed denied because the CONRB did not rule on its petition within 45 days. East Alabama Health Care Authority contends that the CONRB did affirmatively deny Auburn Medical Center's petition within 45 days. We conclude that whether the CONRB affirmatively denied the relief or whether the CONRB failed to rule on the petition is not relevant to this argument.
As stated above, § 41-22-11(b) states that "[f]ailure of the agency to issue a declaratory ruling within 45 days" will result in an automatic denial of the petition and that the denial will be subject to judicial review. Ala. Admin. Code § 410-1-8-.26 states, "The decision of the fair hearing officer shall be considered the final decision of [SHPDA]." We conclude that the word "agency" as that word is used in § 41-22-11(b) includes an individual or a group and that § 41-22-11(b) contemplates the failure of the individual or the group responsible for the final review process to issue a declaratory ruling. Here, the CONRB denied Auburn Medical Center's petition. Whether that denial was an affirmative act or was merely a denial by operation of law is inconsequential. Auburn Medical Center did not request review by a fair-hearing officer, the final review process for SHPDA. Because the fair-hearing officer, the individual responsible for the final review process, never ruled on the petition, that provision of § 41-22-11(b) providing for judicial review has not been implicated, and Auburn Medical Center is not entitled to judicial review of the CONRB's denial of its petition.
Auburn Medical Center argues alternatively that § 41-22-10 provides judicial review of the CONRB's decision. We disagree. Auburn Medical Center sought declaratory relief with SHPDA pursuant to § 41-22-11, rather than seeking declaratory relief in the circuit court pursuant to § 41-22-10. Auburn Medical Center is not entitled to seek relief pursuant § 41-22-10 once it decided to proceed under § 41-22-11. Alabama Cellular Serv., Inc. v. Sizemore, 565 So.2d 199 (Ala.1990); State Personnel Bd. v. Wallace, 659 So.2d 683 (Ala.Civ.App.1995); and Alabama State Personnel Bd. v. Brashears, 575 So.2d 1149 (Ala.Civ.App.1991).
Therefore, we conclude that the trial court properly dismissed Auburn Medical Center's petition.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs specially.
MURDOCK, Judge, concurring specially.
Auburn Medical Center requested a declaratory ruling from the State Health Planning and Development Agency ("SHPDA") pursuant to Ala.Code 1975, § 41-22-11. Subsection (b) of that Code section provides that a failure of an agency to issue a declaratory ruling on the merits within 45 days of such request constitutes a denial of the request on the merits which may be judicially reviewed. I do not read § 41-22-11(b) as providing that such judicial review must necessarily be immediate.
The judicial review contemplated by the terms of § 41-22-11(b) is one "in the manner provided by § 41-22-20[, Ala.Code 1975]." Section 41-22-20(a), Ala.Code 1975, provides, in relevant part, that "[a] person who has exhausted all administrative remedies available within the agency, *266 other than rehearing, ... is entitled to judicial review." (Emphasis added.) The question in this case thus becomes whether a "fair hearing," as provided in SHPDA's regulations, must be pursued in order for a petitioner to exhaust its administrative remedies.
SHPDA Rule 410-1-8-.16[1] provides an affirmative answer: "a fair hearing is a remedy which must be exhausted as a condition to judicial review."
Accordingly, I concur.
NOTES
[1] Although the Freeman Act, Act No. 98-341, Ala. Act 1998, abrogated the effect of SHPDA Rule 410-1-8-.16, it was not in effect at the time Auburn Medical filed this action. Ex parte East Alabama Health Care Auth., 814 So.2d 260 (Ala.2001).