PITTMAN, Judge.
On October 23, 1998, Ira Matthew Clark was issued a Uniform Traffic Ticket and Complaint (“the UTTC”) by a law-enforcement officer for allegedly violating § 32-5A-191(a)(2), Ala.Code 1975, by operating a motor vehicle while under the influence of alcohol. The UTTC indicated that Clark’s blood-alcohol level at the time the UTTC was issued was 0.17%. Under Alabama law, no person may lawfully drive or physically control a motor vehicle when “[tjhere is 0.08 percent or more by weight of alcohol in his or her blood” or when that person is otherwise “[ujnder the influence of alcohol.” Ala.Code 1975, § 32-5A-191(a)(1) and (a)(2).
On the same day the UTTC was issued to Clark, the director of the Department of Public Safety (or an agent thereof) issued an order administratively suspending Clark’s driving privileges pursuant to Act No. 96-322,1996 Ala. Acts. That act is now codified at § 32-5A-300 et seq., Ala.Code 1975. Under § 32-5A-300(a), Ala.Code 1975, the director of the Department must suspend a person’s driving privileges “upon a determination that the person drove or was in actual physical control of a motor vehicle while the amount of alcohol in the blood of the person was above the legal limit.” Because Clark’s driving record reflected “one prior alcohol or drug-related enforcement contact during the immediately preceding five years,” § 32-5A-304(b)(2) required that his driving privileges be suspended for one year.
In February 1999, the criminal proceedings against Clark arising from the October 23, 1998, incident, were dismissed by the Calhoun District Court on the conditions that Clark pay the court costs and enroll in a program recommended by a court-referral officer. However, the administrative suspension imposed by the Department continued in effect, and an entry remains on Clark’s driving record concerning that suspension.
In June 1999, the legislature enacted Act No. 99-598, 1999 Ala. Acts (“the Act”), entitled:
“An Act Relating to the proceedings for suspensions and revocation of driving motor vehicles for alcohol related offenses; to further provide for more specific language for suspension and revocation proceedings and administrative review and judicial review; to amend Sections 32-5A-301, 32-5A-302, 32-5A-303, 32-5A-304, 32-5A-305, 32-5A-306, 32-5A-307, and 32-5A-308, Code of Alabama of 1975.”
That Act became effective on September 1, 1999; section 1 of the Act, among other things, amended § 32-5A-304, Ala.Code 1975, so that the final sentence of § 32-5A-304(c) now reads:
“If a license is suspended under this section for having .08 or more by weight of alcohol in the blood of the person and *1201 the criminal charge against the person for violation of Section 32-5A-191 is dismissed, nolle prossed, or the person is acquitted of the charge, the director shall rescind the suspension order and remove the administrative suspension from the person’s driving record.”
In March 2002, pursuant to § 41-22-11, Ala.Code 1975 (a portion of the Alabama Administrative Procedure Act (“AAPA”)), Clark filed with the Department a petition for a declaratory ruling and other relief, seeking a declaration that the Act, and particularly the portion quoted above, was a remedial statute that applied retroactively so as to require the rescission of the suspension of his driving privileges and the removal of that suspension from his driving record. The Department did not issue the requested ruling within 45 days of the request; under the AAPA, that inaction amounted to a denial of Clark’s petition. Ala.Code 1975, § 41 — 22—11 (b). Pursuant to §§ 41-22-ll(b) and 41-22-20, Ala.Code 1975, Clark then timely sought judicial review in the Montgomery Circuit Court of the Department’s denial of his petition, naming the Department and its director as defendants. Both the defendants and Clark filed motions for a summary judgment, pursuant to Rule 56(c), Ala. R. Civ. P., concerning the retroactive effect, if any, of the 1999 amendment to § 32-5A-304(c) requiring the rescission of the suspension of his driver’s license and the removal of that suspension from his driving record. The trial court entered a summary judgment in favor of Clark, opining that § 32-5A-304(c), as amended by the Act, “should be applied retroactively,” and directing the defendants to remove from Clark’s driving record the administrative suspension of Clark’s driving privileges arising from the October 23, 1998, incident. The defendants appealed.
The pertinent facts are undisputed, and only a legal issue is presented: does the 1999 amendment to § 32-5A-304(c) appearing in Act No. 99-598 apply retroactively to the suspension of Clark’s driving privileges arising from the October 23, 1998, incident? “The facts in this case are undisputed; therefore, we will review the trial court’s application of the law to those facts to determine whether [Clark was] entitled to a judgment as a matter of law.” Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997).
Our Supreme Court has stated that under Alabama law, “retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.” Jones v. Casey, 445 So.2d 873, 875 (Ala.1983). The parties do not contend that the Act contains an express statement either mandating or barring retroactive application of its provisions, and we have found no such statement. However, the Supreme Court has also noted that “remedial” statutes, i.e., “ ‘those which do not create, enlarge, diminish, or destroy vested rights,’ ” do operate retroactively in the absence of clear language to the contrary. Ex parte Burks, 487 So.2d 905, 907 (Ala.1985) (quoting Barrington v. Barrington, 200 Ala. 315, 316, 76 So. 81, 82 (1917)). Thus, we must consider whether Act No. 99-598 is a “remedial” statute.
As we have noted, the title of the Act states that it “relat[es] to the proceedings for suspensions and revocation of driving motor vehicles for alcohol related offenses” and states that the Act provides for more specific language “for suspension and revocation proceedings and administrative review and judicial review” of such proceedings (emphasis added). The provisions of the Act not at issue in this case generally pertain to procedures and schedules to be *1202 followed by law-enforcement officers in forwarding documents regarding alleged driving-under-the influence offenses to the Department, to the Department’s handling of unsworn or untimely reports, to the effective date of license suspensions, to the number of law-enforcement contacts on any one arrest that may be considered in determining a period of suspension, and to the procedures to be followed in seeking and conducting an administrative review of an intended suspension. Similarly, the provision of the Act under review provides for the termination and nullification of administrative suspension proceedings in the event that the criminal driving-under-the-influence case against a person is dismissed, ends with the entry of a nolle prosequi, or terminates in the acquittal of the accused.
The defendants contend that the provision under review is not “remedial” because, they argue, its mandate that the director expunge the administrative suspension from the record of an accused driver impacts the driver’s substantial rights. Although it has been held that a statute, to be considered “remedial,” must deal only with procedure, see Ex parte State Department of Revenue, 792 So.2d 380, 382 (Ala.1999), a remedial statute may have certain incidental effects on substantial rights resulting from the procedural changes mandated. See Ex parte Burks, 487 So.2d at 907. In Ex parte Burks, a statute governing the procedures of the State Personnel Board had been amended to provide for the ability of that board to impose punishments other than termination should it determine that termination was unwarranted for a particular state merit-system employee. The Supreme Court held that the amendment should be applied retroactively to a judicial-review proceeding in the circuit court because the amendment had expanded the administrative remedies available in State Personnel Board proceedings without impairing substantial rights, although the Supreme Court acknowledged that substantial rights might be affected by application of the statutory change. 487 So.2d at 906. As further support for its holding, the Supreme Court noted that the title of the act amending the pertinent statute referred to “procedures ” to be utilized in disciplining and dismissing state merit-system employees. 487 So.2d at 908 (emphasis in original).
In this case, the Act, although mandating certain conduct on the part of the director that could affect Clark’s substantial rights, is remedial because its effect as a whole is to make changes in administrative procedures to be followed by the Department and by law-enforcement officers when a motorist is arrested and cited for driving under the influence of alcohol. We conclude that the trial court properly interpreted the Act as remedial and correctly required the director to remove from Clark’s driving record the suspension of Clark’s driving privileges arising out of the October 23, 1998, incident. Its judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ, concur.
MURDOCK, J., concurs in the result.